NANNIE PERKINS v. DR. W. B. SHARP.

(Filed 17 February, 1926.)

1. **Clerks of Court—Pleadings—Extensions of Time to File Answer— Statutes.**

The jurisdiction of the clerk conferred by C. S., 505, to extend time for filing pleadings for good cause shown, may be exercised by him from time to time, when in conformity with the conditions of the statute: and *Held,* under the facts of this case, such successive orders for a period over two years from the service of the summons was within the proper exercise of the powers conferred.

**2. Judgments—Motion to Set Aside—Excusable Neglect—Laches.**

Where at the instance of the defendant the time for filing pleadings had been extended for more than two years from the service of the summons, under an agreement that he was to pay from time to time certain amounts to plaintiff as a compromise, and upon his failure to do so he had been duly notified that plaintiff would pursue her rights in the action: *Held*, upon defendant's failure to make the agreed payments, an entry of judgment by default upon failure to file answer to the complaint accordingly and aptly filed was not taken through defendant's surprise or excusable neglect.

**3. Judgments—Pleadings—Default and Inquiry—Actions and Defenses—Damages.**

Where a judgment by default has been taken by plaintiff in her action of tort, it is open to defendant to resist a recovery for the amount of damages, etc., as claimed by plaintiff, upon the inquiry.

APPEAL by defendant from *Calvert, J.*, at November Term, 1925, of PASQUOTANK. Affirmed.

Motion to set aside judgment by default and inquiry, rendered at September Term, 1925, upon the ground that the court was without jurisdiction of and that the judgment was a surprise to defendant. In her complaint filed on 9 April, 1925, plaintiff alleges a cause of action for damages resulting from malpractice of defendant, as a physician and surgeon. No answer was filed by defendant. From order denying motion, defendant appealed to the Supreme Court.

*W. L. Small for plaintiff.*
*P. H. Bell for defendant.*

CONNOR, J. Summons in this action was issued on 31 August, 1922, and served on defendant on 1 September, 1922. Before time for filing complaint had expired, a settlement of matters in controversy was agreed upon by the parties, by which defendant agreed to pay plaintiff $400, in installments of $50 each, in satisfaction of her claim for damages. It was agreed that pending the payment of said installments, no complaint should be filed by plaintiff. Upon motion of plaintiff, at the request of defendant, orders were made from time to time, by the clerk of the Superior Court, extending the time for filing complaint. The clerk was advised of the agreement of the parties, and held that good cause had been shown for each extension.

Defendant, in accordance with his agreement, paid to plaintiff, in December, 1922, the sum of $50; he has made no other or further payments. Plaintiff, through her attorney, made repeated demands on defendant for compliance with his agreement, and defendant promised

from time to time to make the payments in accordance with said agreement. In February, 1925, plaintiff's attorney notified defendant that if further payments were not made within thirty days, he would file complaint and proceed with the action. No payment having been made by defendant, complaint was filed on 9 April, 1925, pursuant to order of the clerk. At September Term, 1925, no answer having been filed, upon motion of plaintiff, judgment by default and inquiry was rendered. Defendant moved at November Term, 1925, that said judgment be set aside for that the clerk was without authority to allow the filing of the complaint after the lapse of two years, seven months and eight days from the issuance of summons, and further for that said judgment by default and inquiry was a surprise to him.

Authority is expressly conferred upon the clerk of the Superior Court, for good cause shown, to extend the time for the filing of a complaint in an action begun by the issuance of a summons returnable before him. C. S., 505. Such authority is not exhausted by one such extension; successive orders may be made by the clerk, extending the time for filing complaint, upon good cause shown for each order. The successive orders in the instant case were made at the request of defendant, who stated that the filing of a complaint in this action would injure his professional reputation. There was no error in the order of the clerk allowing plaintiff to file complaint on 9 April, 1925, although two years, seven months and eight days had elapsed since the issuance of the summons. The court retained jurisdiction of defendant, acquired by service of summons on 1 September, 1922, by the successive orders for the extension of time for filing complaint.

There was no error in the refusal of the court to set aside the judgment on the ground that defendant was taken by surprise. He was expressly notified by plaintiff's attorney that the complaint would be filed at the expiration of thirty days. He cannot complain that after indulgence for more than two years, plaintiff availed herself of her rights under the law. It does not appear that he had a meritorious defense to her cause of action; or that an opportunity now to be heard by answer would avail him. The court has adjudged that plaintiff has cause of action against defendant, as alleged in the complaint; the amount which she is entitled to recover of defendant as damages must be determined by a jury; defendant may be heard upon this issue, notwithstanding he has not filed answer.

There is no error and the order denying the motion is

Affirmed.