JOHN H. BURDEN v. LOUIS LIPSITZ.

(Filed 23 September, 1914.)

**Wills—Estates—Contingent Limitations—Death of Devisee—Direct Beneficiaries—Interpretation of Statutes.**

A devise of lands to B. in fee, "provided he has a child or children; but if he has no child, then to him for life," with limitation over to the testator's heirs at law, carries to the devisee a fee-simple estate, defeasible upon his death without having had a child, the contingent event by which the estate is determined

referring to the death of the devisee and holder of the prior estate unless a contrary intent clearly appears from the will itself (Revisal, sec. 1581) ; and upon his death and nonhappening of the contingency named, the inheritance passes directly from the testator to the ultimate devisees. Hence, when the holder of the prior estate has acquired the interests therein of the children of the testator then living, he cannot convey a good title to the land ; for prior to his death some of these heirs may have died leaving children, who, in that event, would take directly from the testator as his heirs at law.

APPEAL by defendant from *Connor, J.,* at April Term, 1914, of BERTIE.

Controversy submitted without action. The demand of plaintiff was for the purchase price of land which plaintiff had bargained to defendant, and defendant resisted payment on the ground that the title offered was defective. The Court being of opinion that the deed of John H. Burden, tendered to defendant, would convey a good title, entered judgment for the contract price, and defendant excepted and appealed.

*Winston & Matthews for plaintiff.*
*Gilliam & Davenport for defendant.*

HOKE, J. The title tendered was admitted to depend upon the construction of the will of John L. Burden, devising the lands covered by the deed to plaintiff, in terms as follows: "I give to my son, John Henry Burden, a fee-simple title to the tract of land on which I live, it being all the land I own, provided he has a child or children; but if he has no child, then I give him the said land during his life, and to his widow if he leaves one surviving, during her widowhood, and then the said land shall go in equal portions to my heirs at law as if I had made no will. And the said John H. Burden shall pay to each of my children who shall survive me, and the representatives of such as may be dead, $100. In the event the said John Henry has a child born to him, then the land to be absolutely his in fee simple"; and upon the following facts agreed upon by the parties as relevant to its correct interpretation: "John L. Burden owned the lands described in said contract. In his last will and

testament as set out on page 6 of the record he devised said lands to John H. Burden upon the condition therein named. The said John H. Burden duly qualified as executor of said estate under said will, and paid his sisters the said sum of $100 as required in said will. The said John L. Burden left surviving him the following daughters, towit, Willie J. Cowand, C. E. Morris, Lurinda Pritchard, Lucy A. Pritchard, E. C. Cherry, and Sally F. Bazemore, and also a granddaughter, Mary E. Thomas, the only surviving child of a daughter who had predeceased him, and said John H. Burden. The said daughters and granddaughter were his only heirs at law. Afterwards, on 6 December, 1890, the said sisters and their husbands, in consideration of said $100 and the further sum of $100 more paid to each of them, conveyed all of their right, title, and interest in said lands to said John H. Burden. (See paragraph 5, page 2 of the record, and also Exhibit "B" on page 7 of the record.) On 4 July, 1892, for the same consideration, the said Mary E. Thomas conveyed her rights, title, and interest in said lands by deed described in paragraph 6 on page 3 of the record, and also in Exhibit "C" on page 9 of the record.

"Since the execution of the deed from the various sisters and their husbands to said John H. Burden, set out in Exhibit "B" as aforesaid, Willie J. Cowand and Lurinda Pritchard have died, leaving children surviving them, and all of whom are living at the present time.

"John Henry Burden, the plaintiff, is now a widower of the age of 62 years, and has never had a child born to him."

Upon these facts, it has been repeatedly held, in this State, that the devise in question carries to the devisee, the present plaintiff, an estate in fee simple defeasible upon his death without "having had a child born to him." *Rees v. Williams,* 164 N. C., 128, opinion by *Associate Justice Allen,* affirmed on a petition to rehear, 165 N. C., 201, opinion by *Associate Justice Walker; Smith v. Lumber Co.,* 155 N. C., 389; *Perrett v. Bird,* 152 N. C., 220; *Harrell v. Hagan,* 147 N. C., 111. And these and other authorities are to the effect that, under a correct interpretation of Revisal, sec. 1581, and, unless a contrary inten-

tion clearly appears from the will itself, the contingent event by which an estate of this kind is determined must be referred, not to the death of the devisor, but to that of the devisee and holder of the prior estate. *Rees v. Williams, supra; Harrell v. Hagan, supra,* and *Buchanan v. Buchanan,* 99 N. C., 308. As shown in the case of *Sessoms v. Sessoms,* 144 N. C., pp. 122-125, and *Whitfield v. Garris,* 134 N. C:, 24, on the happening of the contingency, "the limitation over is not to be considered as a qualification of the first estate, but the same is a separate estate which passes directly from the testator to the ultimate devisee," and, being a contingent one, only those who fill the description at the time it comes into existence can take under the terms of the will.

In the present case the plaintiff holds and tenders a deed for his own interest, fortified by the deeds of the other children of the testator. These were his heirs, and would fill the description at the time that he died, but, as the second estate does not arise till the death of the first taker, these grantors may not then be his heirs, but, in case of their death before the first holder, their children would become the heirs of the testator. As a matter of fact, two of the daughters of the testator have since died, leaving children who are now living, and these are at present among the heirs of the testator, and, as such, could claim an interest in the property on the present happening of the contingency.

Under the authorities cited, we must hold that the title offered is not a good one, and the judgment compelling payment of the purchase money must be reversed.

Reversed.