This is a controversy without action to recover the purchase price of a tract of land, the defendant refusing to accept a deed and pay the purchase price according to the terms of a contract entered into between him and the plaintiff on the ground that the plaintiff has not an indefeasible title in fee.
Eli Hopkins was formerly the owner of said land, and he died leaving a will in which he devised the same in the fifth item as follows: (129)
"All the rest of my real estate wheresoever situated, I devise *Page 140 
and bequeath to my beloved wife, Mary Elizabeth, during her natural life or widowhood, and upon her death or marriage I give and bequeath the same to my nephew, Thomas Harrell, and her nephew, Murray Whichard, to be equally divided between them; and if the said Murray Whichard should die without a lawful heir of his body, I will that the land here allotted to him remain in the same tract and go to my nephew, Thomas Harrell."
It is admitted that Mary Elizabeth Hopkins, the life tenant, is dead; that Thomas Harrell, the ultimate taker under said item of said will, is dead; that Eli Hopkins, the maker of the will, died before Thomas Harrell; that Thomas Harrell died intestate, and that W. C. Harrell and wife, Talitha Harrell, were the sole heirs at law of Thomas Harrell, and that W. C. Harrell and wife, Talitha Harrell, have conveyed to Murray Whichard whatever interest they may taken under item 5 of said will, present and contingent; that Murray Whichard is a married man and has children living.
The plaintiff Murray P. Whichard has tendered the defendant a deed purporting to convey said land in fee, and has demanded payment of the purchase money, and the defendant has refused to accept the deed or pay the money.
His Honor rendered judgment in favor of the plaintiff, and the defendant excepted and appealed.
The case of Hobgood v. Hobgood, 169 N.C. 485, decides every question raised by the defendant in favor of the plaintiff, and upon that authority and the reasoning of Hoke, J., in the opinion, the judgment of the Superior Court is affirmed.
The distinction between this line of cases and the one to which Burdenv. Lipsitz, 166 N.C. 523, belongs is that in the first those who take the contingent interest are certain, and it is held that they may unite with the owners of the precedent estates and pass a good title, while in the other, as the owners of the contingent interests cannot be ascertained until the determination of the preceding estate, an indefeasible title cannot be made until then.
Affirmed.
Cited: Patterson v. McCormick, 177 N.C. 456; Hutchinson v. Lucas,181 N.C. 55. *Page 141 
(130)