1. That J. U. Benson died intestate in Johnston County, North Carolina, on 6 May, 1917.
2. That said J. U. Benson was seized and possessed, at the time of his death, of a certain tract or parcel of land lying and being in Banner Township, Johnston County, North Carolina, and described as follows: Bounded on the north by the lands of C. E. Allen, on the east by J. A. *Page 107 
Lee, on the south by Elizabeth Phillips and J. R. McLamb, and on the west by J. P. Adams, containing 166 acres.
3. That said J. U. Benson was the father of nine children, to wit: B. J. Benson, J. S. Benson, J. W. Benson, N. H. Benson, W. Z. Benson, Mrs. Sarah Edwards (nee Sarah Benson), Mrs. Bettie Thomas (nee Bettie Benson), Mrs. Lula C. Allen (nee Lula Benson), Mrs. Louie McLamb (nee Louie Benson).
4. That J. W. Benson died intestate Johnston County, North Carolina, prior to the date of the death of his father, to wit: on ______ day of _______________, 19__.
5. That said J. w. Benson executed and delivered to N. H. Benson a paper-writing in words and figures as follows, to wit:
STATE OF NORTH CAROLINA — JOHNSTON COUNTY.
Know all men by these presents, that we, J. W. Benson, Preston Thomas, and Lula E. Benson and Bettie C. Thomas, their wives, of Johnston County, State aforesaid, for diverse good causes and considerations thereunto moving, and more particularly for two hundred eleven dollars each, amounting to four hundred twenty-two and no-100 dollars, received of N. H. Benson, have remised, released, and forever quitclaimed, and by these presents do for ourselves and heirs, executors, administrators, justly and absolutely remise, release, and forever quitclaim unto the said N. H. Benson, and to his heirs and assignees forever, all such right, title, and interest as we, the said W. J. Benson, Preston Thomas, and Lula E. Benson and Bettie C. Thomas, their wives, have or ought to have in or to all that piece, parcel, tract, or lot of land lying in the county and State aforesaid, in Banner Township, and described as follows:
All the land belonging to J. U. Benson, bounded as follows: On the north by C. E. Allen, on the east by J. A. Lee, on the south by Elizabeth Phillips and J. R. McLamb, on the west by J. P. Adams, containing 166 acres.
To have and to hold the above released premises unto him, said N. H. Benson, his heirs and assigns, to his and their own proper use and behoof forever, so that we, nor either of us, or any other person in any name and behalf, shall or will hereafter claim or demand any right or title to the premises or any part thereof. But they, and every one of them, shall by these presents be excluded and forever barred.
In witness thereof we have hereunto set our hands and affixed our several seals, this 3 October, A.D. 1905.
 J. W. BENSON. [SEAL.] LULA BENSON. [SEAL.] PRESTON THOMAS. [SEAL.] BETTIE C. (her X mark) THOMAS. [SEAL.] *Page 108 
The question presented to the court for decision is whether the children of J. W. Benson, to wit: Hubert H. Benson, Stella Benson, Mrs. C. A. Grubbs, and Rebecca Benson are the owners of or are entitled to any interest in said (land) owned by their grandfather, the late J. U. Benson.
This 1st day of May, 1920.
JUDGMENT.
This cause coming on to be heard before his Honor, W. M. Bond, judge presiding, at the April Term, 1920, the Superior Court of Johnston County, and heard upon agreed statement of facts filed with the papers, and after reading the statement of facts agreed and hearing counsel, the court is of the opinion that the quitclaim deed executed by J. W. Benson and wife on 3 October, 1905, to N. H. Benson, and set out in agreed statement of facts, does not estop the petitioners from claiming their interest in the lands of J. U. Benson, deceased, their grandfather, because the said J. W. Benson died before his father, J. U. Benson, and the court being of the opinion that the petitioners inherited said lands through their grandfather, J. U. Benson, and not through their father, J. W. Benson, and therefore holds it a matter of law that the said petitioners, Hubert H. Benson, Stella Benson, Mrs. C. A. Grubbs, and Rebecca Benson are the owners of one-ninth undivided interest in the lands of their grandfather, J. U. Benson.
And this cause is remanded to the clerk of the Superior Court of Johnston County, to the end that he may proceed with the partition of the lands as prayed for in the petition.
We think the learned judge rested his decision upon the correct ground, viz., that plaintiffs do not take any estate from their father, who predeceased his own father, but take the inheritance by direct descent from their grandfather, J. U. Benson.
The deed executed by J. W. Benson and set out in the case was executed by him prior to death of his father, J. U. Benson, who owned the land in fee. J. W. Benson was never vested with any estate or interest in the land whatever, for he died before his father. Therefore, the plaintiffs being, after J. W. Benson's death, the heirs at law of J. U. Benson, took the land as heirs of the grandfather, and not as the heirs of their father.
It is immaterial whether the deed from J. W. Benson to N. H. Benson be a quitclaim or a deed of bargain and sale with covenants of warranty, *Page 109 
it constitutes no estopped on plaintiffs, as they do not claim under or through him. Mastin v. Marlow, 65 N.C. 702; Cak. Lit., 352-b.
It is possible the deed of J. W. Benson may be sufficient to have estopped him from claiming the land had he survived his father, and the land descended upon him, for it is very generally held that a conveyance by an heir apparent, operating through its covenants, estops him from recovering the property when it subsequently descends to him, 10 R. C. L., 681, sec. 9, but it is nowhere held that such deed can estop one from taking the property who does not claim under him.
The land in controversy never descended upon J. W. Benson, and he never owned any estate in it. It descended directly upon the plaintiffs or the heirs at law of J. U. Benson.
That is the broad distinction between this case and Hobgood v. Hobgood,169 N.C. 485, and other cases cited by defendants.
Affirmed.