JOHN HUTCHINSON ET AL. v. W. N. LUCAS ET AL.

(Filed 9 March, 1921.)

**Estates—Wills—Defeasible Fee—Deeds and Conveyances—Estoppel.**

A devise to the testator's son, A., and should he die without issue, then the lands devised to him to be equally divided among the testator's children or their issue living at the death of A.: *Held,* the estate devised to A. is a defeasible fee, and should A. die without issue the estate would vest in his brothers and sisters living at the time of his death, and such of their children as may then be alive, in fee, as coming from the testator direct. And the death of A. not having been shown the contrary is presumed, and a deed from his brothers and sisters cannot convey an indefeasible fee simple title to a purchaser, or estop their own children or claimants, the children of those who are deceased.

APPEAL by plaintiffs from *Cranmer, J.,* at November Term, 1920, of WILSON.

Iredell Farmer devised the lands in controversy to his youngest son, Arthur D. Farmer, with the following condition:

"If my said son, Arthur D. Farmer, shall die without leaving issue, on his death it is my will and desire that all the lands devised in this will shall go to and be equally divided among my children or their issue living at his death, and to their heirs forever."

It is not alleged that Arthur is dead, and the answer avers that he was in Wilson in 1918. The estate devised to Arthur was conveyed by

an order of court, and thereafter, in 1900, W. T. Farmer, Joshua L. Farmer, and Mary J. Farmer, the brothers and sister of Arthur, and the only other children of the testator, Iredell Farmer, executed a deed and quitclaim for all their right, title, and interest in the lands in controversy. Joshua L. Farmer, one of the brothers of Arthur, is dead, leaving a widow and five children.

The plaintiffs moved for judgment on the pleadings, but the court refused on the ground that they could not convey an indefeasible title, and dismissed this action, which was brought to compel the defendants to pay the purchase money upon the tendering of a deed therefor upon a contract of sale. The plaintiffs appealed.

*James S. Manning for plaintiffs.*
*J. C. Biggs for defendants.*

CLARK, C. J. The plaintiffs concede that the estate devised to Arthur is a defeasible fee, but they contend that the quitclaim executed by the brothers and sister of Arthur estopped their issue, and they rely upon *Cherry v. Cherry,* 179 N. C., 4. The devise in that case is different from this.

In the present case it is provided that upon the death of Arthur Farmer without leaving issue the land shall go to and be equally divided among the testator's children, *"or their issue living at Arthur's death,"* and their heirs forever. If one or more of the children of the testator should not be living at Arthur death, then "their issue," that is, the children or grandchildren of the testator's deceased children, living at that time, would take the share that otherwise would have gone to their deceased parent, for it cannot be known until the death of Arthur who will be living at his death. It does not appear that he is dead, and the presumption is that he is still living. One of his brothers is already dead, and if Arthur should die without leaving issue, at his death any children of the deceased brother who may be living at that time would take an interest under the will, and the deed of their father would not estop them, because they do not claim under him, but the title passes to his issue directly from the testator to them. *Benson v. Benson,* 180 N. C., 106; *Burden v. Lipsitz,* 166 N. C., 523; *Whitfield v. Garris,* 134 N. C., 24.

Though when the holders of a contingent estate are specified and known they may assign and convey it, and can make a deed which will conclude all claiming under them, *Hobgood v. Hobgood,* 169 N. C., 485, yet "where the heirs, issue, or children are so designated as to take by purchase under the terms of the will, there is no estoppel or rebuttal, as they do not take from their ancestor by descent, but directly from the

devisor as purchasers." *Malloy v. Acheson,* 179 N. C., 95. This was fully discussed and is so held in *Whitesides v. Cooper,* 115 N. C., 570, which has been repeatedly cited since. See citations in Anno. Ed.

The plaintiffs rely upon *Cherry v. Cherry,* 179 N. C., 4, but in that case the provision was that upon failure of the first takers the land should go to the testator's three sons absolutely, and the Court held that the additional words in that devise "to be equally divided between them or among their heirs *per stirpes* and not *per capita*" did not prevent the estate from vesting absolutely in the sons, and hence they would be estopped, and their heirs also, by any conveyance of their vested contingent interest. In the present case the words "or their issue living at their death" can be construed only as meaning that the testator intended that upon the death of Arthur, without leaving issue, the land should go to and be equally divided between his other children, if living, or if they were not living, then their issue *living at that time* should take. The added words at the end, "and their heirs forever," show that the testator intended to give the remainder in fee to his other children, or the issue of any deceased children who might be living at the time of the death of Arthur, if he died without leaving issue. The intent of the testator was that if his other children were living at Arthur's death, he leaving no issue, they should get the remainder, but that if any of his children were dead at that time their issue, if living at that time, would get the share of the deceased child.

The plaintiffs rely upon *Hobgood v. Hobgood,* 169 N. C., 489, and *Bourne v. Farrar,* 180 N. C., 135, which hold that when those who shall take a contingent interest are certain, by uniting with the owners of the preceding estate, they can pass a good title, "but when the owners of the contingent interest cannot be ascertained until the determination of the preceding estate, an indefeasible title cannot be made until then." *Whichard v. Craft,* 175 N. C., 128, in which case *Allen, J.,* in a very brief opinion, points out tersely but clearly the distinction between the two classes of cases.

The words in this devise, "or to their issue living at his (Arthur's) death," brings this case under the ruling of *Burden v. Lipsitz, supra,* and that class of cases. In *Smith v. Lumber Co.,* 155 N. C., 389, which is very much in point, the court held that where the vesting of the contingent interest is determined by the death of the children named and not upon the death of the testator, each of the children takes a contingent remainder, but if they die before the death of the owner of the defeasible fee (leaving no issue), then the grandchildren, or issue of the children, take as purchasers under the will and not under the children of the testator, and hence will not be estopped by any conveyance or quitclaim of their ancestor.

The doctrine so clearly stated in *Whitesides v. Cooper,* 115 N. C., 570, has been often approved, among other cases by *Thompson v. Humphrey,* 179 N. C., 52; *Williams v. Biggs,* 176 N. C., 50.

Affirmed.