J. P. DALY AND HIS WIFE, JULIA R. DALY, v. S. D. PATE.

(Filed 15 June, 1936.)

1. **Wills E d—Devisee held to take defeasible fee, which would become indefeasible if she should die leaving children her surviving.**

A devise to testator's daughter and her heirs in fee simple absolute should she leave any child or children her surviving, but should she not leave any child or children her surviving, then the land to revert to the estate, to be equally divided among testator's nephews and nieces then living, *is held* to devise the defeasible fee to the daughter, which would become indefeasible upon her death if she should leave child or children her surviving, and in such event the daughter's deed would convey the indefeasible fee to her grantee, her children taking no interest under the devise.

2. **Same—Heirs at law of testator held to have contingent interest, not affected by deed of devisee of defeasible fee and remaindermen.**

The will in question devised the defeasible fee to testator's daughter, with contingent limitation over to testator's nephews and nieces living at her death in the event she should die without child or children her surviving. The nephews and nieces of testator subsequently executed a quitclaim deed to testator's daughter, and thereafter she executed a deed of trust on the lands, which was duly foreclosed and deed made to the purchaser. *Held:* The purchaser at the sale could not convey an indefeasible fee simple, since in the event the testator's daughter should die without child or children her surviving, and at the time of her death there should be no nephew or niece of testator then living, the heirs at law of testator would be entitled to the land, which interest would not be affected either by the quitclaim deed of the nephews and nieces, who would have acquired no interest in the land under such conditions, or by the deed of trust executed by testator's daughter, whose fee in the land would be defeated by the happening of the contingency.

STACY, C. J., dissents.

APPEAL by defendant from *Sinclair, J.,* at January Term, 1936, of WAYNE. Reversed.

This is a controversy without action, involving the title to the land described in the agreed statement of facts which was submitted to the court. C. S., 626.

By Item IV of his last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Wayne County, on or about 22 October, 1921, W. S. Newsome devised the land described in the agreed statement of facts to his daughter, Clyde Newsome, who subsequent to the execution of the said last will and testament intermarried with L. F. Davis.

Item IV of said last will and testament is as follows:

"Fourth. I give, devise and bequeath unto my daughter, Clyde New-some, the following pieces, parcels or tracts of land,—one tract being that part of my home place lying in Greene County, and on the south side of Reedy Branch, containing one hundred and twenty-five acres, more or less. Also one other tract of land situated in Saulston Township, Wayne County, known as the Benton land, and containing two hundred and fifty acres, more or less.

"To have and to hold the said lands unto the said Clyde Newsome and her heirs in fee simple absolute should she leave any child or children surviving her, but should she not leave any child or children surviving her, then it is my will and desire that said lands shall revert to my estate and be equally divided as best it may be between my then living nephews and nieces."

The title to the land situated in Saulston Township, Wayne County, known as the Benton land, and containing two hundred and fifty acres, more or less, only is involved in this controversy.

On 19 December, 1925, all the nephews and nieces of W. S. Newsome, the testator, then living, executed a quitclaim deed by which they con-veyed to Clyde Newsome Davis all their right, title, interest, and estate vested or contingent, and all their rights in remainder or in reversion, in and to the land described in the agreed statement of facts. This deed was duly recorded in the office of the register of deeds of Wayne County. At the date of the execution of said deed, all the brothers and sisters of W. S. Newsome, the testator, were dead. Clyde Newsome Davis was the only child of the testator, W. S. Newsome, and now has two living children.

On 10 February, 1928, Clyde Newsome Davis and her husband, L. F. Davis, executed a deed of trust by which they conveyed the land de-scribed in the agreed statement of facts to the First National Bank of Durham, trustee, to secure the payment of the sum of $4,800, the amount of their indebtedness to the North Carolina Joint Stock Land Bank of Durham. This deed of trust was duly recorded in the office of the register of deeds of Wayne County. Upon default in the payment of said indebtedness, the land described in the deed of trust was sold by the trustee under the power of sale contained therein, who thereafter con-veyed said land to the North Carolina Joint Stock Land Bank, the purchaser at the sale by the trustee, by a deed dated 16 November, 1932. This deed was duly recorded in the office of the register of deeds of Wayne County.

On 1 November, 1933, the North Carolina Joint Stock Land Bank of Durham executed a deed by which it conveyed the land described in the agreed statement of facts to the plaintiff J. P. Daly. This deed was duly recorded in the office of the register of deeds of Wayne County.

The plaintiffs are now in possession of said land, claiming title thereto under Clyde Newsome Davis.

On or about 1 November, 1935, the plaintiffs and the defendant entered into a contract by which the plaintiffs agreed to sell and convey to the defendant in fee simple the land described in the agreed statement of facts by a deed sufficient to vest in the defendant a good and indefeasible title to said land, and by which the defendant agreed that upon plaintiff's compliance with their agreement he would pay to the plaintiffs the agreed purchase price for said land.

The plaintiffs have executed and tendered to the defendant a deed which they contend is a full compliance with their agreement.

The defendant contends that said deed is not sufficient to vest in him a good and indefeasible title to the land described therein, and for that reason has declined to accept said deed, and has refused to pay to the plaintiffs the agreed purchase price for said land.

It was agreed that if the court should be of opinion that on the facts agreed the deed executed by the plaintiffs and tendered by them to the defendant is sufficient to convey the land described therein to the defendant in fee simple, and to vest in the defendant a good and indefeasible title to said land, judgment should be rendered that defendant accept said deed, and that plaintiffs recover of the defendant the amount of the agreed purchase price; otherwise, that the controversy without action be dismissed and that the costs be taxed against the plaintiffs.

. From judgment in accordance with the contentions of the plaintiffs the defendant appealed to the Supreme Court, assigning as error the signing of the judgment.

*W. A. Dees for plaintiffs.*
*George E. Hood for defendant.*

CONNOR, J. If Clyde Newsome Davis, at her death, shall leave a child or children surviving her, such child or children will take no interest or estate under Item IV of the will of W. S. Newsome, in the land devised therein to Clyde Newsome (Davis) for the reason that under said Item IV, Clyde Newsome Davis does not take an estate in said land for her life, with remainder to her child or children, surviving her. *Whitfield v. Garris,* 131 N. C., 148, 42 S. E., 568; *S. c.,* 134 N. C., 24, 45 S. E., 905. In such case, the estate of Clyde Newsome Davis in said land, which during her life is a defeasible fee (*West v. Murphey,* 197 N. C., 488, 149 S. E., 731), will become an indefeasible fee, and the deed executed by the plaintiffs, who claim under Clyde Newsome Davis, if accepted by the defendant, will vest in him a good and indefeasible title to the land conveyed by said deed.

If Clyde Newsome Davis, at her death, shall leave no child or children surviving her, the land devised to her by Item IV of the will of W. S. Newsome will revert to his estate, to be equally divided among (between?) his nephews and nieces, then living. If at the death of Clyde Newsome Davis the land shall revert to the estate of W. S. Newsome, as provided in Item IV of his will, and at that date there be living nephews and nieces of the testator, the land will go to such nephews and nieces. In that case, by reason of the agreed facts and of the deed dated 19 December, 1925, the nephews and nieces of the testator, living at the death of Clyde Newsome Davis, will be estopped from claiming as against the plaintiffs any right, title, interest, or estate in and to the land described in the agreed statement of facts. In such case, the deed executed by the plaintiffs, who claim under Clyde Newsome Davis, if accepted by the defendant, will vest in him a good and indefeasible title to the land conveyed by the said deed.

But if at her death Clyde Newsome Davis shall leave no child or children surviving her, and there shall then be no living nephew or niece of the testator, the land will go to the heirs at law of W. S. Newsome living at the death of Clyde Newsome Davis. In such case, such heirs at law will not be estopped from claiming the land described in the agreed statement of facts, as against any person or persons claiming under Clyde Newsome Davis, and the deed executed by the plaintiffs, who claim under Clyde Newsome Davis, if accepted by the defendant, will not vest in him a good and indefeasible title to the land conveyed by said deed. See *Burden v. Lipsitz,* 166 N. C., 523, 82 S. E., 863.

The deed executed by the plaintiffs and tendered to the defendant is sufficient to convey all the right, title, interest, or estate in the land described therein, which was owned by Clyde Newsome Davis under Item IV of her father's will, and under the deed executed on 19 December, 1925, by the then living nephews and nieces of the testator. It cannot be determined until the death of Clyde Newsome Davis whether or not the nephews or nieces of the testator who executed the deed dated 19 December, 1925, have any right, title, interest, or estate in the land described in their deed. It may be that none of them will be living at the death of Clyde Newsome Davis. In that case, the title which Clyde Newsome Davis had to the land devised to her by Item IV of the will of her father will not be fortified by the deed executed by the nephews and nieces living at the date of the deed.

There is error in the judgment.

Reversed.

STACY, C. J., dissents.