J. R. BARNES AND WIFE, SADIE M. BARNES, v. JOHN J. DORTCH, THE GUARDIAN AD LITEM OF THE POSSIBLE UNKNOWN AND UNBORN CHILDREN OF CHESTER H. PRINCE, AND THE UNKNOWN AND UNBORN HEIRS AT LAW OF E. C. PRINCE.

(Filed 11 January, 1957.)

**1. Partition § 4f—**

Partition by the life tenants is not binding on the remaindermen who are not parties.

**2. Wills § 33c—**

Where testator dies without children and his will devises lands to his brothers and sister for life, and then to their children, the remaindermen must be ascertained upon the falling in of the particular estate, but upon the happening of the contingency, the remaindermen as then ascertained take from the testator and not as heirs of the life tenants, so that upon the death of a life tenant without children his share would go by operation of the will to the heirs of testator living at the death of the life tenant.

**3. Estates § 11—All living persons who would take upon happening of contingency must be parties to proceeding to sell for reinvestment.**

Testator died without children. His will devised the lands to his brothers and sister for life, and then to their children. The life tenants partitioned the land, and later all of the then living children of deceased life tenants and one of the surviving life tenants and her children conveyed the land partitioned to the remaining survivor of the life tenants to him, who in turn conveyed to petitioners. Petitioners brought this proceeding for sale for reinvestment under G.S. 41-11, in which the possible unborn children of their grantor and the unborn and unknown heirs of testator were represented by guardian *ad litem. Held:* Order of sale without the joinder of the then living heirs of testator must be reversed, notwithstanding their deed and the partition between the life tenants acquiesced in by them, since their interest would not vest until the death of the life tenant

without children, and then they would take as heirs of testator and not as heirs of the life tenant.

JOHNSON, J., not sitting.

APPEAL by Phil C. Howell from *Parker, J.,* November Term, 1956, of WAYNE.

This was a special proceeding instituted by petitioners to authorize the sale for reinvestment under G.S. 41-11 of certain land in which there are contingent interests.

From the petition and the exhibits and affidavits offered, the following facts were made to appear: In April, 1913, E. C. Prince died leaving a last will and testament wherein he devised all his property, including the land involved in this proceeding, to his five brothers and sisters and one nephew "for their lives, and then to their children." The devisees living at that time were Chester Prince, Frances Pate, Naomi Early, David Prince, Amos Prince and nephew Rufus Satterfield. In December, 1913, by special proceeding *ex parte* the life tenants partitioned the land into six equal shares (designated as lots 1 to 6) and each of the brothers and sisters and nephew entered into possession of the shares of land thus allotted, and they and those claiming under them have continued to hold possession of their respective shares as their own separate property to the present time. The remaindermen were not made parties to the partition.

In the partition, lot #6, containing 30 acres of land, was allotted to Chester Prince, who is 75 years of age and has no children. It is for the sale of a portion of lot #6 that this proceeding was instituted.

On the 3rd day of February, 1945, of the original devisees under the will of E. C. Prince only Chester Prince and Naomi Early were living. Frances Pate was dead leaving six children; David Prince was dead leaving four children; Amos Prince was dead leaving four children; and Rufus Satterfield was dead leaving two children. On that date all these living children of the devisees, including Naomi Early and her two children, executed a deed with warranty to Marjorie C. Prince, wife of Chester Prince, conveying to her all their right, title and interest in and to lot #6, and in June, 1945, Marjorie C. Prince and Chester Prince conveyed lot #6 to the petitioners J. R. Barnes and Sadie Barnes.

The petitioners introduced as an exhibit the record and decree in the special proceeding in the Superior Court of Wayne County entitled "Crawford-Norwood Company *vs.* Herman M. Pate and others," instituted in 1949 to adjudicate the title to lot #1 in the partition of 1913. In this proceeding all the then living heirs of E. C. Prince were made parties and all other persons whether *in esse* or not who might claim interest in the land were represented by guardian *ad litem.* In the pro-

ceeding in 1949 it was adjudged that the partition of 1913 had been followed by possessing in severalty of their respective shares by the partitioners and by their children, and those claiming under them, since that time, and the partition had been acquiesced in and ratified, approved and accepted by all the heirs of the testator. The record in the Crawford-Norwood case was offered for the purpose of establishing an estoppel as against the heirs of E. C. Prince. The petitioners J. R. and Sadie Barnes instituted the instant proceeding before the clerk 12 March, 1956, setting out these facts in their petition, and the further fact that Phil C. Howell had offered to buy 18 acres of the 30 acres in lot #6 for $26,000 and that a sale thereof for reinvestment would enhance the interests of all parties. Upon their petition guardian *ad litem* John J. Dortch was appointed to represent the unborn children of Chester Prince and the unknown and unborn heirs of E. C. Prince. The clerk entered order in accordance with the petition and appointed a commissioner to execute deed, and ordered Phil C. Howell to comply with his bid. Phil C. Howell appealed to the Superior Court in term, and Judge Parker at November Term "upon consideration of the pleadings herein, including the exhibits attached to the petition" held that the commissioner had power and authority to convey to Phil C. Howell a good marketable title in fee simple to the land described in the petition, and thereupon affirmed the order of the clerk.

Phil C. Howell excepted and appealed to this Court.

*James N. Smith for appellant.*
*J. Faison Thomson & Son for appellees.*

DEVIN, J. The petitioners are seeking the sanction of the court for the sale for reinvestment of land in which there are contingent interests in accord with the provisions of the statute, G.S. 41-11. To achieve this end, on 12 March, 1956, they instituted a special proceeding before the clerk. Ch. 96, Session Laws 1951.

This proceeding relates to land known as lot #6, which had been allotted to Chester Prince in the partition of the lands devised by E. C. Prince. It appears that the partition was made in 1913 in a special proceeding in which only the life tenants were parties. The partition decree therefore would not have bound the remaindermen. But the petitioners rely upon the evidence of separate and long continued possession of the shares of land allotted in the partition, and the ratification and acceptance of the allotments by all persons having any interest therein from 1913 to the present time. Petitioners also call attention to the record and judgment in the Crawford-Norwood proceeding in 1949, relating to lot #1 in this partition, wherein all the heirs of E. C. Prince *in esse* and *in posse* were parties, as sufficient to establish the

validity and binding effect of the partition of 1913 by estoppel. They contend that the adjudication of the validity of this partition in the Crawford-Norwood case, in which the same persons as those involved in this proceeding were parties and concerning the same subject matter, would constitute *res judicata* in accord with the principle stated in *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Worthington v. Wooten,* 242 N.C. 88, 86 S.E. 2d 767. This is conceded by appellant. The petitioners also call attention to the provisions of the curative statute, G.S. 46-14.

But we think there was a defect of parties in this proceeding which renders it ineffective for the purpose contemplated.

The petition for authority to sell the land under G.S. 41-11 was filed only by J. R. Barnes and his wife Sadie Barnes. There were no other parties. On their motion, a guardian *ad litem* was appointed to represent possible unborn children of Chester Prince and unknown and unborn heirs of E. C. Prince. The heirs of E. C. Prince living at that time (March, 1956) were not made parties. The petitioners proceeded on the theory that by their deed of 1945 they owned the interests of all the living heirs of E. C. Prince at that time, and that all the heirs of E. C. Prince and their descendants are estopped by this deed to claim any interest in lot #6.

But the statute under which this proceeding was instituted requires that summons be served on all persons then in being who may have any interest in the land. The proceeding must be brought by a person having a vested interest in the land and those who on the happening of the contingency would presently have an estate in the property at the time the proceeding is commenced, made parties and served with summons. *Dawson v. Wood,* 177 N.C. 158, 98 S.E. 459.

Under the will of E. C. Prince the land was devised to his five brothers and sisters and a nephew for their lives, and then to their children. Chester Prince has no children. Upon his death without issue the land would revert to the heirs of E. C. Prince living at that time. Who will ultimately take could not be determined in 1945. The children of deceased brothers and sister of E. C. Prince, upon the death of Chester Prince without issue, would take as heirs of E. C. Prince, by descent from him and not from the devisees. *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863; *Whitfield v. Garris,* 134 N.C. 24, 45 S.E. 904; *Elmore v. Austin,* 232 N.C. 13 (21), 59 S.E. 2d 205. For instance, should one of David Prince's children, who in 1945 conveyed his interest in lot #6 to the petitioners, predecease Chester Prince and Chester Prince should die without issue, the heir of such child would acquire an interest in lot #6 as heir of E. C. Prince and not as heir of his immediate ancestor and hence would not be bound by the deed of such ancestor. *Daly v. Pate,* 210 N.C. 222, 186 S.E. 348.

Upon the happening of the contingency of Chester Prince's dying without issue, the heirs of the grantors in the deed of 1945 would take directly from the testator as his heirs at law, and the contingent event by which the interest in the land would be determined would be referred not to the death of the testator but to that of Chester Prince. *Burden v. Lipsitz, supra.* The ultimate takers could not be ascertained until the preceding estate terminated.

We do not think the execution of the deed of 1945 by the grantors named was sufficient to authorize the prosecution of this proceeding on the *ex parte* petition of the grantees therein without having summons served on all persons now *in esse* who might have an interest in the land, as required by the statute, G.S. 41-11.

The remedial purpose of this statute may be served where there are contingent remainders over to persons not in being, or the contingency has not happened which will determine who the ultimate remaindermen are, but to achieve the desired result the provisions of the statute must be observed.

We have re-examined the cases cited and relied on by the petitioners, but find nothing that militates against the views here expressed. In *Buffaloe v. Blalock*, 232 N.C. 105, 59 S.E. 2d 625, the well considered opinion of *Denny, J.*, was based upon testamentary language and attendant facts which differentiate that case from the one at bar. The result reached in *Beam v. Gilkey*, 225 N.C. 520, 35 S.E. 2d 641, was based upon the facts of that case and is not controlling on the facts here made to appear.

The judgment of the Superior Court is
Reversed.

JOHNSON, J., not sitting.