CARL F. BLADES AND RALPH W. BLADES, TRUSTEES UNDER THE LAST WILL OF LEVIN CARL BLADES, DECEASED, AND MARGARET BLADES BATEMAN v. FRANK BLADES SPITZER AND WIFE, RETTA HOOPER SPITZER; GILBERT LEVIN SPITZER AND WIFE, BARBARA O'NEAL SPITZER; EVANGELINE BATEMAN, INFANT; SHARON BATEMAN, INFANT; STEPHEN CARL SPITZER, INFANT; GILBERT LEVIN SPITZER, JR., INFANT; LINDA CAROL SPITZER, INFANT; AND ANY UNBORN CHILDREN OF MARGARET BLADES BATEMAN, FRANK BLADES SPITZER, GILBERT LEVIN SPITZER, EVANGELINE BATEMAN, OR SHARON BATEMAN.

(Filed 23 March, 1960.)

**1. Estates § 7—**

The life beneficiary of a trust estate has a vested equitable estate therein so as to entitle her to institute proceedings for the sale of lands of the estate for reinvestment, and the trustees are proper parties to the proceeding.

**2. Wills § 33c—**

A devise of an estate in trust with provision that the income therefrom should be paid to a designated beneficiary for life and, upon her death, the corpus should be divided among her children, with further provision that the child or children of any deceased child of the life tenant should take such child's share, requires that the remaindermen be ascertained upon the falling in of the life estate, who then take under the will and not as heirs of the life tenant.

**3. Estates § 7—**

The provisions of the statute for sale of estates for reinvestment must be strictly complied with.

**4. Appeal and Error § 22—**

An exception to the judgment, without exception to the findings of fact, presents the sole question whether the facts found support the judgment.

**5. Estates § 7—**

While the court may not order the sale of an estate for reinvestment unless the interest of all parties require or would be materially enhanced by such sale, findings that the price offered by a proposed purchaser is fair and adequate and that sale would be to the best interest of the trust estate, the life tenant and the contingent remaindermen, together with other findings as to lack of income from the lands of the trust and recurring expenses, etc., are sufficient to show that the sale would materially enhance the interest of all parties even if not actually required to protect their interest.

**6. Same—**

The fact that sale of a trust estate for reinvestment would vary the terms of the trust does not preclude the court from decreeing sale for reinvestment, since a court of equity has the power to grant relief against limitations of a trust which work an injury to the trust estate.

**7. Same—**

Even if the answer of a guardian *ad litem* in proceedings to sell lands of an estate for reinvestment raises issues of fact as to whether the price offered is adequate and whether sale is to the best interest of all parties, the statute requires the clerk to make inquiry and determine these very matters before ordering sale, and in any event, where the parties appeal to the Superior Court and agree that the judge should hear the evidence and find the facts, the court has power to determine the issues of fact without intervention of a jury.

**8. Courts § 6—**

Where proceedings before the clerk are brought before the Superior Court in any manner the Superior Court acquires jurisdiction to hear and determine all matters in controversy. G.S. 1-276.

**9. Infants § 6: Insane Persons § 10—**

A guardian *ad litem* and his attorney may waive jury trial and agree that the Superior Court may hear the evidence and find the facts in a proceeding affecting the estate.

**10. Estates § 7: Trusts § 15—**

Where the court decrees a sale of trust property for reinvestment the trustee should be required to give bond or other legal provision should be made to assure the safety of the funds arising from the sale, notwithstanding that the will provides that the trustee should not be required to give bond in administering the trust, since in acting under the decree of the court the trustees act as commissioners of the court and not necessarily as trustees under the will. G.S. 1-407, G.S. 1-407.2.

APPEAL by Guardian *ad litem* from *Parker, J.,* at Chambers 13 February 1960, in Windsor, BERTIE County.

This is a special proceeding for sale of woodlands for reinvestment of proceeds, pursuant to G.S. 41-11.

Levin Carl Blades, a resident of Pasquotank County, died testate 10 January 1950. His will was admitted to probate and recorded in the office of the Clerk of Superior Court of Pasquotank County on 13 January 1950. A copy is duly recorded in Book of Wills "O", page 18, Clerk's office, Bertie County.

The residuary estate, including real and personal property, was devised and bequeathed to testator's sons, Carl F. Blades and Ralph W. Blades, and cousin, L. S. Blades, Jr., in trust for ten years. The beneficiaries of the income of the trust are testator's widow, Estelle F. Blades, two sons named above, and daughters, Margaret Blades Bateman and Annie Blades Spitzer. At the termination of the ten-year period, the four children share equally in the corpus of the trust. This ten-year trust terminated 10 January 1960 and Carl F. Blades, Ralph W. Blades and Annie Blades Spitzer each came into possession

of a one-fourth undivided interest in the corpus in fee, free and discharged of the trust.

The will provided further: ". . . should my daughter, Margaret Blades Bateman be living at the termination of this trust, then, in that event, I hereby will, devise and bequeath unto the Trustees above named, Carl F. Blades, Ralph W. Blades, and L. S. Blades, Jr. as Trustees, that share of this residuary trust which is herein devised to Margaret Blades Bateman on this special trust to continue under the terms of the residuary trust the management of my daughter Margaret's share to serve for the term of her life and upon her death this trust shall terminate and the property vest in fee simple, share and share alike, in her children, the child or children of any dead child of my daughter Margaret taking that child's share." Margaret Blades Bateman is entitled to the income for life, subject to special provisions set out in the will for the management of the trust property.

L. S. Blades, Jr. has declined to serve as trustee and filed renunciation in writing with the Clerk of Superior Court of Pasquotank County. The two sons have served as trustees and are still acting in this capacity.

Margaret Blades Bateman is living and is 48 years of age. She has four living children, Frank Blades Spitzer, Gilbert Levin Spitzer, Evangeline Bateman and Sharon Bateman. Evangeline and Sharon are minors. Frank Blades Spitzer and his wife, Retta Hooper Spitzer, have two minor children, Stephen Carl Spitzer and Linda Carol Spitzer. Gilbert Levin Spitzer and his wife, Barbara O'Neal Spitzer, have a minor child, Gilbert Levin Spitzer, Jr. Barbara O'Neal Spitzer is incompetent.

Among the assets of the residual estate of the testator are tracts of woodland aggregating 8,519.05 acres situate in Bertie County. A one-fourth undivided interest in these lands is a part of the corpus of the trust for the life of Margaret Blades Bateman.

The Halifax Timber Company has entered into a contract in writing with the present owners of the woodlands in question, including Margaret Blades Bateman, to purchase the entire property at the price of $2,200,000.00, to be paid $400,000.00 in cash and the balance in annual installments of $120,000.00 for 15 years, to be secured by deed of trust or mortgage deed on the *locus in quo,* and the deferred balance to bear interest at 5¾% per annum. The contract provides for progressive cutting of timber upon a proper accounting and proportionate reduction of the mortgage indebtedness. A copy of the contract is attached to the petition in this cause.

Margaret Blades Bateman and the two trustees instituted this spe-

cial proceeding 20 January 1960 for sale in fee for reinvestment of proceeds the one-fourth undivided interest held in trust. The petition alleges *inter alia* that the lands in their present condition are only suitable for growing timber, a number of prospective purchasers have made offers but none have offered as much as Halifax Timber Company, a sale under the terms of the contract "would be to the best interests of the trust estate . . . in as much as said land in its present state is unproductive and the timber thereon is subject to hazards from fire, windstorm, disease or insect infestation, and would require policing and management, at some expense . . ." to prevent trespassing, the trust will obtain from the sale one-fourth of the purchase price set out in the contract, the sale at approximately $258.00 per acre is an extremely advantageous sale, payment in installments is a tax advantage, the value of the trust estate will be enhanced by the sale, and the best interests of the life tenant and remaindermen will be promoted.

Summons was duly served on the four children and three grandchildren of Margaret Blades Bateman. The wives of Frank and Gilbert were served. All were personally served in North Carolina except Frank, his wife and his two children; these were served in the Panama Canal Zone in accordance with the provisions of the statutes for personal service outside the State.

After all summonses were served, guardian *ad litem* and attorneys were duly appointed to represent the minors, the incompetent and persons not *in esse.* The guardian *ad litem* accepted service of summons and filed answer. The answer states that the guardian *ad litem* has no knowledge of the fair value of the property, denies that the price offered is fair and reasonable and denies that an acceptance of the offer would be for the best interest of the trust estate and the contingent remaindermen.

All adult defendants answered and admitted the allegations of petition.

On 13 February 1960 the Clerk of Superior Court found facts and entered judgment decreeing sale of the one-fourth undivided interest in said lands and providing for reinvestment of the proceeds. The findings of the Clerk are in part as follows: ". . . that the lands which are the subject of this proceeding are undeveloped timber lands, not cleared for agricultural purposes, and only suitable, in their present condition, for the growing of timber and trees and that some ambiguity and uncertainty exists as to the right of the Trustees for Margaret Blades Bateman to sell any of said timber or otherwise cause said lands to be productive during the lifetime of the said Margaret Blades

Bateman; that said timber lands in their present condition are not producing any income but are incurring liability for taxes and are subject to hazards from fire, windstorm, disease, insect infestation, and pilferage, and would require the actual expenditure of a considerable sum of money to police, care for, manage, and protect said lands; . . . that said price is fair and adequate and is as much as or more than said lands would bring from any other purchaser if sold at public auction and that a sale of the same to Halifax Timber Company upon the terms and conditions set out in the contract attached to the petition herein would be to the best interest of the trust estate created by the will of Levin Carl Blades, deceased, for the benefit of Margaret Blades Bateman and her children and descendants . . ." These findings are supported by four affidavits set out in the record.

The guardian *ad litem* excepted and appealed. Attorneys for petitioners and guardian *ad litem* agreed in writing that the resident Judge "may hear and determine all matters of law and fact without a jury, a jury trial being specifically waived, and that said hearing may be held at chambers."

The resident Judge heard the matter *de novo*. His findings of fact are in substantial accord and to the same effect as the findings of the Clerk. It was ordered that the land be sold that the proceeds be reinvested. The judgment of the Clerk was "approved, ratified and confirmed."

The guardian *ad litem* appealed and assigned error.

*Pritchett & Cooke for Guardian ad litem, appellant.*
*LeRoy, Goodwin and Wells for appellees.*

MOORE, J. "In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are," the land may be sold for reinvestment in real estate to be held upon the same contingencies and, pending such reinvestment in land, the proceeds may be loaned or invested in approved securities. G.S. 41-11. Under the provisions of this statute the action for sale authorization is a special proceeding and must be instituted by one having a vested interest. *Barnes v. Dortch,* 245 N.C. 369, 372, 95 S.E. 2d 872.

Margaret Blades Bateman has a vested equitable estate for life in the *locus in quo* and is entitled to institute this proceeding. The trustees as holders of the legal title for the life of the trust beneficiary are proper parties plaintiff. Under the pertinent provisions of the will

of Levin Carl Blades the remaindermen must be ascertained upon the falling in of the life estate, and the remaindermen as then ascertained take from the testator and not as heirs at law of the life tenant. *Barnes v. Dortch, supra; Latham v. Lumber Co.*, 139 N.C. 9, 51 S.E. 780. The situation here presented makes the provisions of G.S. 41-11 applicable.

In order that a valid conveyance of the land in fee simple be made pursuant to this proceeding it is essential that the provisions of the statute be strictly complied with.

Appellant excepts to the judgment but not to the findings of fact. The exception presents the one question whether the facts found are sufficient to support the judgment. *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E. 2d 759. The court may not order a sale of the land unless "the interest of all parties require or would be materially enhanced by it." The findings of the court are not expressed in these exact terms but the meaning and effect include these requisites. There is a finding that the price offered is "fair and adequate" and that a sale under the terms of the offer "would be to the best interest of the trust estate" and the life tenant and contingent remaindermen. The specific findings with reference to the land, the trust limitations in dealing with the timber, the risk of loss, lack of income and recurring expenses, are sufficient to show that a sale at an adequate price, if not actually required to protect the interest of all parties, would materially enhance it. We conclude that the findings are sufficient to support the judgment.

That the judgment in this proceeding would seem to vary the terms of the trust with respect to the *locus in quo* does not render the judgment invalid. It is the duty of the court, in the exercise of its equity jurisdiction, to protect the trust corpus and advance the interest of the beneficiaries; the court will not hesitate to exercise its equity powers where the limitations of the trust work injury to the trust estate. *Bank v. Hendley*, 229 N.C. 432, 50 S.E. 2d 302; *Trust Co. v. Rasberry*, 226 N.C. 586, 39 S.E. 2d 601.

The answer of the guardian *ad litem* may seem to raise issues of fact by denying that the price offered is fair and reasonable and further denying that the sale would be for the best interest of all parties. Ordinarily if issues of fact are raised before the Clerk he must transfer the case to the civil issue docket for trial of the issues at the next ensuing term of the Superior Court. G.S. 1-273. But in this instance the statute (G.S. 41-11) requires the Clerk, whether such issues are raised or not, to make inquiry and determine these very matters before ordering a sale. This the Clerk did. Even so, the guardian *ad litem*

appealed and the matter was heard *de novo* by the resident Judge, with the same result. "Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty upon the request of either party, to proceed to hear and determine all matters in controversy . . ." G.S. 1-276. The plaintiffs and guardian *ad litem* waived jury trial and agreed that the Judge might hear and determine the matter at chambers. A guardian *ad litem* and his attorney may waive jury trial. *White v. Morris*, 107 N.C. 92, 101, 12 S.E. 80. The Judge heard the cause, found facts and entered judgment. He also approved and affirmed the judgment of the Clerk.

Appellant insists that the court should have required the trustees to give bond assuring the safety of the funds arising from the sale. In this the appellant is correct. G.S. 1-407. *Poole v. Thompson*, 183 N.C. 588, 600, 112 S.E. 323. But, of course, the court may receive and administer the fund. G.S. 1-407.2. The judgment should be amended to comply with the indicated statutes. It is true that the will provides that the trustees shall not be required to give bond in administering the trust. But in so far as they may be required to act under the judgment in this cause, they are commissioners of the court and not necessarily trustees under the will.

We have carefully examined each step in the proceeding and, except for the matter referred to in the preceding paragraph, we find that there has been substantial compliance with all the provisions of G.S. 41-11 and other applicable legal requirements. We find no error in the judgment of sale and the proceedings preliminary thereto.

This cause is remanded to Superior Court that it may in turn be recommitted to the Clerk of Superior Court for amendment requiring that commissioners give bond in accordance with G.S. 1-407 or that other legal provision be made for protection of the fund. Thereupon the Clerk shall retain the cause for consummation of the sale and the lending and reinvestment of the proceeds as the law provides.

Modified, affirmed and remanded.