### ROBERT F. DEANES v. ALEX ANDERSON CLARK, MAGGIE F. BOWERS, ROBERT A. BOWERS AND BARRUS CONSTRUCTION CO.

(Filed 18 March 1964.)

1. Pleadings § 1—

While the clerk of the Superior Court has authority, at the time of issuance of summons, to extend the time for filing complaint to a day certain, not to exceed twenty days, upon plaintiff's application stating the nature and purpose of the suit, the clerk has no authority to extend the time for filing

complaint beyond the time specified in such order unless the plaintiff has secured an order to examine the defendant prior to filing complaint. G.S. 1-121.

**2. Same—**

Where, upon issuance of summons, the clerk has extended the time for filing complaint, the judge of the Superior Court has discretionary power to permit plaintiff to file a complaint after the time specified in the order and after the expiration of the statutory time, the discretionary power of the judge in this respect not being limited by G.S. 1-121. G.S. 1-152.

**3. Same;    Courts § 6—**

Where the clerk at the time of issuance of summons extends the time for filing complaint for twenty days, and thereafter enters an order dismissing the action for failure to file complaint within the time limited, the Superior Court on appeal acquires jurisdiction of the entire cause, and has discretionary power to permit plaintiff to file complaint notwithstanding that the clerk had no authority to do so.

**4. Appeal and Error § 55—**

Where an order of the Superior Court is entered under the Court's erroneous holding that it had no discretionary authority in the matter, the cause will be remanded in order that the Court may determine the matter in the proper exercise of its discretion.

APPEAL by plaintiff from an order entered by *Judge Joseph W. Parker* on 23 January 1964 and from a supplementary order entered by the same judge on 28 January 1964 at the January 1964 Session of EDGE-COMBE, both orders affirming an order of the clerk of the superior court of Edgecombe County entered on 10 January 1964.

*Bridgers, Horton & Britt by Marvin V. Horton for plaintiff appellant.*

*Battle, Winslow, Merrell, Scott & Wiley by Thomas L. Young for defendant appellants.*

PARKER, J.  On 18 November 1963 plaintiff commenced this action by the issuance of summonses. The summons to be served on defendant Alex Anderson Clark was directed to the sheriff of Warren County; the summons to be served on the defendants Maggie F. Bowers and Robert A. Bowers was directed to the sheriff of Stanly County; and the summons to be served on the defendant Barrus Construction Company was directed to the sheriff of Lenoir County. At the time of the issuance of these three summonses, the clerk of the superior court of Edgecombe County on three written applications of plaintiff by three written orders extended the time for filing complaint to 8 December 1963, and directed that a copy of plaintiff's application for extension

of time to file complaint showing the nature and purpose of the suit and a copy of his order extending the time for filing complaint be served with a copy of the complaint on each defendant. G.S. 1-121. Plaintiff's written applications for extension of time to file complaint in each case state: "* * * the nature and purpose of this action are as follows: to recover for personal injuries received in an automobile-truck collision which occurred on June 12, 1963, at about 2:30 p.m. in Halifax County, N. C. on highway under construction between Weldon and Roanoke Rapids, N. C." Service of process as commanded by the clerk's order was had in apt time on each defendant.

On 2 January 1964 defendants Clark, Maggie F. Bowers and Robert A. Bowers made a written motion before the clerk to dismiss the action as to them, because a complaint had not been filed as of the date of the filing of their motion.

On 3 January 1964 plaintiff left a complaint in the clerk's office and filed a written application with the clerk requesting that he in his discretion allow him to file his complaint, and issue an order for service of copies of the complaint on each defendant. In his application he recites that his counsel had had correspondence with the liability insurance carrier for defendant Barrus Construction Company, and had had no contacts from the individual defendants, and his counsel had the belief that the complaint could be filed within a reasonable time after 8 December 1963.

On 10 January 1964 the clerk entered an order, on motion of the individual defendants, dismissing the action as to them and allowing plaintiff's application for an order of service of the complaint on the corporate defendant. From that part of the order dismissing the action against the individual defendants, plaintiff appeals.

On 23 January 1964 Judge Joseph W. Parker entered an order affirming the clerk's order and dismissing the appeal.

On 28 January 1964 Judge Parker entered a supplementary order, wherein he found as facts the facts we have set forth above. Thereafter, his supplementary order reads:

"9. That the delay in filing the complaint was not unreasonable, and there has been no laches or unreasonable neglect on the part of the plaintiff to proceed in the cause against the defendants served.

"And the Court being of the opinion that the Clerk of Superior Court of Edgecombe County was without discretionary authority to issue orders of service of the said complaint upon the defendants, Alex Anderson Clark, Maggie F. Bowers and Robert A. Bowers;

"And the Court being of the further opinion that the question presented by the appeal from the Order of the Clerk does not invoke the discretionary authority of the Judge of the Superior Court to allow the plaintiff to have his complaint served on the defendant, Alex Anderson Clark, Maggie F. Bowers and Robert A. Bowers, but is only addressed to the question of whether or not the Clerk of Superior Court of Edgecombe County had authority to issue the order of service of said complaint;

"It is, therefore, ORDERED that the order entered by the Clerk of Superior Court of Edgecombe County on January 10, 1964, be and the same is hereby affirmed, and that this appeal is dismissed."

By virtue of the provisions of G.S. 1-121 "the clerk may at the time of the issuance of summons on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days"; and the application and order must state the nature and purpose of the suit. This statute now expressly provides that "the clerk shall not extend the time for filing complaint beyond the time specified in such order," unless the plaintiff has secured an order to examine the defendant prior to filing complaint. Hence, the power of the clerk to extend the time for filing complaint is clearly limited. McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. I, sec. 1115. See *O'Briant v. Bennett*, 213 N.C. 400, 196 S.E. 336. The part of G.S. 1-121 quoted above was enacted at the 1927 Session of the General Assembly, Public Laws, Session 1927, Ch. 66.

On 18 November 1963 the clerk, on applications of plaintiff, extended the time for filing complaint to 8 December 1963. Under the plain and unambiguous language of G.S. 1-121—plaintiff having secured no order to examine defendants or any one of them—the clerk had neither authority nor discretion on 3 January 1964 to extend the time for filing complaint beyond 8 December 1963, and to order it served on the defendants.

However, since G.S. 1-121 mentions only the clerk, and the well-established general rule is that the judge has inherent discretionary power to permit plaintiff to file a complaint after expiration of statutory time or to permit untimely pleadings to be filed, G.S. 1-121 does not affect the discretionary power of the judge. *Veasey v. King*, 244 N.C. 216, 92 S.E. 2d 761; *Early v. Eley*, 243 N.C. 695, 91 S.E. 2d 919; *O'Briant v. Bennett, supra; Hines v. Lucas*, 195 N.C. 376, 142 S.E. 319; *Church v. Church*, 158 N.C. 564, 74 S.E. 14; *Griffin v. Light Co.*, 111 N.C. 434, 16 S.E. 423; *Gilchrist v. Kitchen*, 86 N.C. 20; *Anderson v.*

*Anderson,* 1 N.C. 20. Further, another statute, G.S. 1-152, stemming from our original code provides, "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time." G.S. 1-152, formerly C.S. 536, has been held applicable to complaints. *Hines v. Lucas, supra.*

When plaintiff in the instant case appealed from the clerk's order to the judge, the judge was not limited to a review of the action of the clerk, but was vested with jurisdiction "to hear and determine all matters in controversy in such action," and render such judgment or order within the limits provided by law as he deemed proper under all the circumstances made to appear to him. G.S. 1-276; *Hudson v. Fox,* 257 N.C. 789, 127 S.E. 2d 556; *Blades v. Spitzer,* 252 N.C. 207, 113 S.E. 2d 315; *Langley v. Langley,* 236 N.C. 184, 72 S.E. 2d 235; *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; Strong's N. C. Index, Vol. I, Courts, sec. 6.

*Rich v. R. R.,* 244 N.C. 175, 92 S.E. 2d 768, was an action to recover personal and property damage caused by a collision at a grade crossing between plaintiff's automobile and defendant's train. The clerk entered a judgment by default and inquiry against the individual defendants. Later the individual defendants moved in superior court before the judge that the judge in his discretion set aside the judgment by default and inquiry against them, and permit them to verify the answer theretofore filed by them or in lieu thereof permit them to file a new verified answer. The judge heard the motion, made full findings of fact, and in the exercise of his discretion and in furtherance of justice vacated the judgment by default and inquiry and allowed the individual defendants 30 days within which to verify *nunc pro tunc* the answer theretofore filed in their behalf. Upon appeal this Court affirmed the order of the judge.

Indubitably, a judge of the superior court in North Carolina has inherent power in his discretion and in furtherance of justice to extend the time for filing a complaint, and he is also vested with such authority by statute. G.S. 1-152; *Rich v. R. R., supra; Griffin v. Light Co., supra; Gilchrist v. Kitchen, supra.*

The judge below erred in holding in his supplementary order "that the question presented by the appeal from the Order of the Clerk does not invoke the discretionary authority of the judge of the Superior Court * * *, but is only addressed to the question of whether or not the Clerk of the Superior Court of Edgecombe County had authority to issue the order of service of said complaint." It would seem that the judge below was of the same erroneous opinion that the appeal from

the clerk did not invoke his discretionary power, when he entered his order dated 23 January 1964, for the supplementary order entered five days later merely gives the grounds for his ruling—the ultimate ruling in each order being identical. The whole matter was before the judge below on appeal, and he was vested with the power as to whether or not he should exercise his discretion in furtherance of justice to permit or to refuse plaintiff's motion for an extension of time to file his complaint. The trial judge is presumed best to know what order and what indulgence will promote the ends of justice in each particular case. How the discretion of the trial judge should be exercised in this case we are not authorized to express an opinion. The case is remanded to be proceeded with according to law for there is error.

Error.