MARGARET J. CAMPBELL v. CITY OF ASHEVILLE.

(Filed 13 December, 1922.)

**Pleadings—Motion to Extend Time for Filing—Courts—Clerks of Court—Jurisdiction—Appeal and Error.**

> Under the provisions of Revisal, sec. 466, before those of Public Laws 1921, ch. 304, went into effect, the latter being an act to restore the Code of Civil Procedure in regard to pleadings and practice, and to expedite and reduce the cost of litigation, it was discretionary with the judge of the Superior Court to allow extension of time for the filing of pleadings, and where the complaint in an action had not been filed in the time allowed by law, under the provisions of the former statute, and the later procedure is in effect at the time of the plaintiff's motion for time to file complaint, such motion should be made before the judge, and not before the clerk of the court; and where it has been made before the clerk, and the judge has erroneously held that the clerk has power to extend the time for filing the complaint, the case will be remanded, on appeal, in order that the judge may treat the appeal from the clerk as if the motion had originally been made before him, and pass upon it in the exercise of his sound discretion.

APPEAL by defendant from *Shaw, J.,* at the April Term, 1922, of BUNCOMBE.

*Wells & Swain and Jones, Williams & Jones for plaintiff.*
*George Pennell and J. W. Haynes for defendant.*

ADAMS, J. In this action the summons was issued on 24 May, 1919, returnable to the July term under the practice then prevailing, but the complaint was not filed until 3 November, 1921. On 19 November, 1921, in pursuance of a motion duly served on the plaintiff, the defendant made a motion before the clerk to dismiss the action, and at the hearing the clerk granted the motion "as a matter of law under Public Laws of 1920, ch. 96." The plaintiff appealed, and the judge held that the clerk had power in his discretion to allow time in which to file the complaint and reversed the judgment. Thereupon the defendant excepted and appealed to the Supreme Court.

The act entitled "An act to restore the provisions of the Code of Civil Procedure in regard to process and pleadings, and to expedite and reduce the cost of litigation" went into effect on 1 July, 1919, and Consolidated Statutes on 1 August, 1919. Public Laws 1919, ch. 304; C. S., 8107. At the time the summons was issued the following statute was in force: "The plaintiff shall file his complaint in the clerk's office on or before the third day of the term to which the action is brought, otherwise the suit may, on motion, be dismissed at the cost of the plaintiff." Revisal, sec. 466. The clause "otherwise the suit may, on motion, be dismissed"

was omitted in the act of 1919, but was brought forward in Consolidated Statutes (sec. 505), and continued in effect until amended at the Extra Session of 1920. Public Laws, Extra Session 1920, ch. 96; Public Laws 1921, ch. 96. The Extra Session of 1921 convened after the clerk's judgment in this cause was rendered. The parties concede that the sole question presented is whether the clerk had legal authority to allow the complaint to be filed under the circumstances disclosed by the record.

In our opinion the appeal is not to be determined by the provisions of the acts of 1919 or 1920, either as originally enacted or as subsequently amended. The several acts restoring the provisions of the Code of Civil Procedure were evidently not intended to apply to cases in which the summons was issued before either of the acts went into effect, and was made returnable before the court in term. The authority of the clerk to extend the time for filing pleadings in a civil action is confined to cases in which the summons is returnable under the present procedure before the clerk at a fixed date, and not to cases in which under the former practice it was made returnable before the judge.

In the present case the summons was issued before either of these acts went into effect; the defendant was summoned to appear before the judge at the July term of the Superior Court; and whether the time for filing pleadings should be enlarged was a question to be determined by the judge as under the former practice and not by the clerk. We think the clerk had no jurisdiction to dispose of the motion, and that his Honor should have treated the appeal as a motion made originally before him, and should have exercised his discretion in saying whether in the administration of justice the plaintiff should be permitted to file her complaint. C. S., 637; *In re Anderson,* 132 N. C., 243; *Gwinn v. Parker,* 119 N. C., 19; *Bailey v. Comrs.,* 120 N. C., 388; *Woodsack v. Merriman,* 122 N. C., 735; *Church v. Church,* 158 N. C., 565; *Lloyd v. Lumber Co.,* 167 N. C., 97.

The judgment is reversed, and the cause remanded for further action by the presiding judge.

Reversed and remanded.