### N. C. HINES v. ARTHUR LUCAS.

(Filed 28 March, 1928.)

**1. Pleadings—Extension of Time for Filing—Power of Clerk.**

When it appears that the clerk of the court has extended the time to file the complaint by orders regularly entered and in continuous and unbroken sequence for a period of about a year, and the defendant at the end of the full period so extended excepts and appeals to the Superior Court: *Held,* it is a valid exercise by the clerk of the power conferred by C. S., 505.

**2. Same—Power of Trial Court.**

Where the clerk of the court has extended the time for filing the complaint in accordance with 3 C. S., 505, and the defendant has appealed to the Superior Court, it is within the sound legal discretion of the trial judge, given by C. S., 536, to allow the complaint to be filed, and his sustaining the clerk's order to that effect is an exercise of this discretion.

CIVIL ACTION, before *Cranmer, J.,* at January-February Term, 1928, of WAKE.

The defendant made a motion before the judge presiding to dismiss the action in accordance with the provisions of 3 C. S., 505, for that the complaint had not been filed in accordance with the law. The court entered judgment overruling the motion and refusing to dismiss the action, from which judgment the defendant appealed.

*Bailey & Weatherspoon and W. B. Jones for plaintiff.*
*Murray Allen for defendant.*

BROGDEN, J. Summons was issued and personally served on the defendant on 22 January, 1926. The docket in the clerk's office shows that orders extending the time to file the complaint were regularly entered and in continuous and unbroken sequence until 15 January, 1927. The complaint was filed 3 January, 1927. On 21 January, 1927, the defendant moved to dismiss the action upon the ground that the orders for extension of time to file complaint were not made for good cause shown, and hence no complaint had been filed as contemplated by law. During the course of the argument of the motion, counsel for plaintiff admitted "that after a certain extension of time to file complaint had expired, an order or orders *nunc pro tunc* had been had extending the time for the reasons set out in the affidavit signed by plaintiff upon motion made and good cause shown being found by the clerk." 3 C. S., 505, provides: "The first pleading on the part of plaintiff is the complaint. It must be filed in the clerk's office on or before the return day of the summons, otherwise the suit may, on motion, be dismissed at the cost of plaintiffs; but the clerk, for good cause shown, may extend

the time to a day certain." In *Perkins v. Sharp,* 191 N. C., 224, no complaint was filed until the lapse of two years, seven months and eight days from the issuance of summons. The defendant in that case contended that the clerk was without authority to allow the filing of the complaint after the lapse of so great a period of time. The Court held that the clerk, upon good cause shown, may make successive orders extending time to file complaint. Moreover, in the case at bar, the cause was regularly before the judge upon defendant's motion to dismiss. The judge had the power to extend the time for filing complaint and his refusal to dismiss the action, under the facts presented, was at least equivalent to an order permitting the filing of complaint. Under the law, as now written, when a cause is properly before the judge, he has power in the exercise of a sound legal discretion to extend the time for filing pleadings. C. S., 536; *Aldridge v. Ins. Co.,* 194 N. C., 683. While it is true that the *Aldridge case,* and the line of cases therein cited, refer more particularly to filing answer, no sound reason occurs to us why the same power does not exist for enlarging the time for filing complaint. C. S., 536. The defendant further contends that the words of 3 C. S., 505, "the suit on motion may be dismissed" should be interpreted to mean "must" be dismissed. In other words, "may" means "must." The words have been so construed with reference to venue in certain cases. *Jones v. Statesville,* 97 N. C., 86; *Brown v. Cogdell,* 136 N. C., 32. But the principle has never been extended so as to deprive the clerk or the judge of discretion in proper instances, to enlarge the time for filing pleadings.

Affirmed.