G. L. O'BRIANT v. H. C. BENNETT and GIBSON ICE CREAM COMPANY.

(Filed 13 April, 1938.)

1. **Abatement and Revival § 7—Order extending time for filing complaint for more than 20 days is not void, and action is pending from time of service of summons and such order.**

An action is pending from the time of service of summons, and from that time the court is deemed to have jurisdiction of all subsequent proceedings, N. C. Code, 475, 488, and where summons is served, together with application and order extending the time for filing complaint, C. S., 505, the fact that the order extending the time for filing complaint inadvertently extends the time for more than the twenty days permitted by the statute, may render the order irregular or defective, but does not make it void *ab initio*, and such action has priority over an action instituted after such service, and motion to dismiss such action on the ground of another action pending is properly denied. C. S., 475.

2. **Pleadings § 1—Trial court has discretionary power to permit plaintiff to file complaint after expiration of statutory time.**

Summons was issued in the action prior to the filing of the complaint, plaintiff having filed application for extension of time, C. S., 505, and the application and order allowing extension of time having been served on defendants. The order inadvertently extended the time for more than the twenty days permitted by statute. Defendants moved before the clerk for dismissal of the action for defect in the order extending the time, and the clerk denied the motion and entered order that the complaint be filed *nunc pro tunc*. Appeal from the clerk's order denying the motion was properly heard by the trial court at term, C. S., 600, at which time the trial court found the facts, denied the motion to dismiss, and permitted plaintiff to file the complaint. *Held:* The trial court had the discretionary power to allow the filing of the complaint after the expiration of the time limited, N. C. Code, 536, and judgment refusing the motion to dismiss is without error.

3. **Appeal and Error § 37b—**

An order of the trial court permitting plaintiff to file complaint after the time limited, C. S., 536, entered in the court's discretion, is ordinarily not reviewable.

APPEAL by defendants from *Williams, J.,* at November Term, 1937, of LEE. Affirmed.

The judgment of the court below, which indicates the controversy, is as follows:

"This cause, being heard by the undersigned Clawson L. Williams, judge presiding over the regular term of the Superior Court of Lee County, and said cause coming on to be heard in its regular order, as calendared, upon motion and special appearance of the defendants Gib-

son Ice Cream Company and H. C. Bennett; after hearing the matter the court makes the following findings of fact:

"1. Summons was issued herein on 6 July, 1937, from the office of the clerk of Superior Court of Lee County, and was served on the defendants on 15 July, 1937; that at the time of the issuance of said summons no complaint was filed in the office of the clerk of this court, but an order was issued by W. G. Watson, C. S. C., extending time for filing complaint for thirty days.

"2. That at the time service of summons was had upon the defendants no copy of a complaint was served or delivered to them with copy of summons; that copy of said complaint was furnished to each of the defendants when it was filed.

"3. That at the time service of summons was had upon the defendants H. C. Bennett and Gibson Ice Cream Company there was served a copy of an application for extension of time, stating the nature and purpose of the suit, signed 'J. C. Pittman, attorney for plaintiff, and an order signed by the clerk of the Superior Court of Lee County purporting to extend the time for filing the complaint from 6 July, 1937, to and including 5 August, 1937; that the extension of time for filing complaint for more than twenty days was through inadvertence.

"4. The complaint in this action was filed herein on 4 August, 1937, and service of complaint upon the defendants was made as required by statute by the clerk mailing copy to each defendant.

"5. That there is now pending in the Superior Court of Guilford County, North Carolina, an action entitled 'H. C. Bennett and Gibson Ice Cream Company v. G. L. O'Briant and Durham Herald, Inc.'

"6. That the action now pending in the Superior Court of Guilford County, as above entitled, was instituted by summons issued on 13 August, 1937, and summons and complaint therein filed and served upon the defendants therein, one of said defendants, G. L. O'Briant, being the plaintiff in the instant case; that said action arises out of the same transaction and has the same and identical subject matter; that all of the parties are the same with the exception of the addition of Durham Herald, Inc., as a party defendant; that H. C. Bennett and Gibson Ice Cream Company are parties plaintiff and G. L. O'Briant is party defendant instead of as named in this action.

"7. That on 16 August, 1937, motion upon a special appearance of the defendants was made and filed in this action, and copy mailed for the plaintiff to his attorney of record, Mr. J. C. Pittman, of Sanford, N. C., on said date.

"8. That on 16 August, 1937, W. G. Watson, clerk of Superior Court of Lee County, N. C., entered the following order:

O'BRIANT v. BENNETT.

" 'ORDER.

North Carolina—Lee County.
In the Superior Court.

G. L. O'Briant v. Gibson Ice Cream Company and H. C. Bennett.

" 'This cause coming on to be heard before the undersigned W. G. Watson, clerk Superior Court of Lee County, North Carolina, upon motion of the defendants to dismiss this action for the causes set out in the motion, filed on 16 August, 1937, and it appearing to the court that the motion should not be allowed:

" 'Now, therefore, it is hereby ordered that the motion of the defendants to dismiss this action be and the same is hereby denied, and the defendants are allowed thirty (30) days from the date hereof to answer or otherwise plead to the complaint.

" 'It is further ordered that the complaint of the plaintiff in this action is hereby ordered to be filed *nunc pro tunc* as of 24 July, 1937. This 16 August, 1937.                                    W. G. WATSON,
                                                             *Clerk Superior Court.'*

"9. That the defendants appealed to the Superior Court from this order; that thereafter the clerk forwarded this matter to Judge Henry A. Grady, judge presiding over the courts of the Fourth Judicial District for the State of North Carolina, for a hearing upon defendants' appeal, which said hearing was set for 8 September, 1937, and transferred to Judge Marshall T. Spears by Judge Grady for hearing on 5 October, 1937, and upon agreement of counsel the said cause was heard by him on said date, at which time he entered an order which remanded the matter to this court for hearing *de novo,* at term time, as appears from said order bearing date of 5 October, 1937, which order is made a part of these findings as if fully set out herein.

"10. That this cause was calendared upon the motion docket of this term of court and came on for hearing, by agreement, before the undersigned, as hereinbefore set out.

"11. That this matter is now properly before this court and that in fairness and justice to the parties involved this action should be retained upon the docket of the Superior Court of Lee County for trial.

"Now, therefore, upon the foregoing findings of fact, and in the exercise of the discretion of the court,

"It is hereby ordered that the motion of the defendants to dismiss this action be and the same is hereby denied, and the complaint of the plaintiff in this action is hereby permitted to be filed on this date or within ten days hereafter, and the defendants are allowed thirty days from the date of filing the complaint in which to answer or otherwise plead to the complaint.

"Done at Sanford, Lee County, North Carolina, this 12 November, 1937.                                        CLAWSON L. WILLIAMS,
                        *Judge Presiding Over the Regular Term
                              of Lee County Superior Court."*

To the foregoing order the defendants excepted, assigned error and appealed to the Supreme Court. The defendants made other exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Smith, Wharton & Hudgins, and K. R. Hoyle and J. C. Pittman for plaintiff.*
*Silas B. Casey and Sapp & Sapp for defendants.*

CLARKSON, J. *Facts:* It is contended by plaintiff that this is an attempted appeal by defendants from an order entered by Williams, judge, allowing complaint to be filed by plaintiff. Plaintiff caused to be issued summons on 6 July, 1937, from Lee Superior Court to Guilford County, and the same was served on defendants. Complaint was not filed until 4 August, 1937. Copies were furnished defendants. On 13 August, 1937, defendants caused summons to issue against plaintiff from Guilford County and filed complaint and caused same to be served in Lee County for precisely the same cause of action but additional party—The Durham Herald, Inc. The first action had not been dismissed and has never been dismissed, but has at all times pended in Lee County Superior Court since 6 July, 1937. On 16 August, 1937, and after having instituted their action in Guilford County, defendants moved in Lee Superior Court to dismiss plaintiff's action because complaint had not been filed within the time fixed by law. This motion was denied by the clerk and defendants appealed therefrom. By order of Judge Spears the whole matter was submitted to judge presiding in Lee Superior Court at November Term, 1937. The judge presiding at such term, in the exercise of his discretion, and so stated to be in his order, allowed plaintiff ten days to file the complaint.

In the present action there is no dispute by defendants that the summons was issued in accordance with N. C. Code, 1935 (Michie), sec. 475. It was duly served on defendants. Section 488 is as follows: "From the time of service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction and to have control of all subsequent proceedings."

Section 505 is as follows: "The first pleading on the part of the plaintiff is the complaint. It must be filed in the clerk's office at or before the time of the issuance of summons, and a copy thereof delivered to the defendant, or defendants, at the time of the service of summons:

*Provided,* that the clerk may at the time of the issuance of summons on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days, and a copy of such order shall be delivered to the defendant, or defendants, at the time of the service of summons in lieu of a copy of the complaint: *Provided further,* said application and order shall state the nature and purpose of the suit. The clerk shall not extend the time for filing complaint beyond the time specified in such order, except that when application is made to the court, under Art. 44, ch. 12, of the Consolidated Statutes, for leave to examine the defendant prior to filing complaint, and it shall be made to appear to the court that such examination of defendant is necessary to enable the plaintiff to file his complaint, and such examination is allowed, the clerk shall extend the time for filing complaint until twenty (20) days after the report of the examination is filed as required by sec. 902 of the Consolidated Statutes. When the complaint is not filed at the time of the issuance of the summons, the plaintiff shall, when he files complaint, likewise file at least one copy thereof for the use of the defendant and his attorney. When there are more than one defendant the clerk may, by written notice to the plaintiff, require the filing of additional (not to exceed six) copies of the complaint within the time specified in such notice, not to exceed ten days. Such notice may be served by mailing to the plaintiff or his attorney of record."

On 6 July, when the summons was issued, the complaint was not filed at or before the time of the issuance of summons, but the plaintiffs made application before the clerk to extend the time in which to file complaint, stating the nature and purpose of the suit. The clerk in the summons stated: "You are commanded to summon Gibson Ice Cream Company and H. C. Bennett, the defendants above named, if they be found within your county, to appear before the clerk of the Superior Court for the county of Lee, at his office in the courthouse thirty (30) days after 5 August, 1937 (which is the day fixed for filing complaint under the order of court, a copy of which said order appears on the back of this summons and is served herewith), and answer the complaint, which will be filed in the office of the clerk of the Superior Court of said county on or before the said day fixed for filing complaint," etc.

The clerk made an order extending the filing of the complaint to 5 August, 1937. The return of the summons by the deputy sheriff of Guilford County shows: "Served 15 July, 1937, by delivering a copy of the within summons, a copy of the application for extension of time to file complaint, and a copy of the order extending the time for filing complaint, to each of the following defendants," etc.

The complaint of plaintiff was filed on 4 August, 1937. On 16 August, 1937, the defendants made a motion to dismiss the action "That the order hereinabove referred to as signed 'W. G. Watson, clerk Superior Court Lee County,' is void and of no legal effect. That complaint in this action was not filed herein until 4 August, 1937, more than twenty days after the issuance of the summons herein."

The defendants further set forth the suit in Guilford County, brought by defendants against plaintiff and the Durham Herald, Inc., "That the action now pending in the Superior Court for Guilford County as above entitled was duly and regularly instituted, and was so duly and regularly instituted before any action in any other county, including the above entitled action, was duly and regularly instituted; that said action arises out of the same transaction and has the same and identical subject matter."

The clerk denied the motion, "And the defendants are allowed thirty (30) days from the date hereof to answer or otherwise plead to the complaint. It is further ordered that the complaint of the plaintiff in this action is hereby ordered to be filed *nunc pro tunc* as of 24 July, 1937." The defendants appealed to the Superior Court from the order of the clerk. The court below found that "The extension of time for filing complaint for more than twenty days was through inadvertence." The court below, upon the findings of fact and in the exercise of its discretion, denied the motion of defendants to dismiss the action.

N. C. Code, *supra,* sec. 536, is as follows: "The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order to enlarge the time."

In *Smith v. Ins. Co.,* 208 N. C., 99 (102), it is written: "In *Hines v. Lucas,* 195 N. C., 376 (377), is the following: 'The judge has the power to extend the time for filing complaint and his refusal to dismiss the action, under the facts presented, was at least equivalent to an order permitting the filing of complaint. Under the law as now written, when a cause is properly before the judge, he has power, in the exercise of a sound legal discretion, to extend the time for filing pleadings. C. S., 536; *Aldridge v. Ins. Co.,* 194 N. C., 683. While it is true that the *Aldridge case, supra,* and the line of cases therein cited, refer more particularly to filing answer, no sound reason occurs to us why the same power does not exist for enlarging the time for filing complaint. C. S., 536.' *Bowie v. Tucker,* 197 N. C., 671 (673); *Washington v. Hodges,* 200 N. C., 364 (370); N. C. Prac. & Proc. in Civil Cases (McIntosh), secs. 485, 513-14."

The present action was pending when defendants brought the suit against plaintiff and Durham Herald, Inc., in Guilford County, involv-

ing the same subject matter. The present action has priority, as it was then pending. C. S., 475. *Morrison v. Lewis,* 197 N. C., 79; *Atkinson v. Greene,* 197 N. C., 118 (120). The order extending time for filing complaint was perhaps irregular or defective, but not void *ab initio.* We see no substantial right of defendants involved. The suit instituted by them cannot be sustained as the present suit was pending.

In *Morrison v. Lewis,* 197 N. C., 79 (81), we find: "In *Alexander v. Norwood,* 118 N. C., 381, 24 S. E., 119, it was said: 'Where an action is instituted and it appears to the court by plea, answer, or demurrer that there is another action pending between the same parties and substantially on the same subject matter, and that all the material questions and rights can be determined therein, such action will be dismissed.'"

N. C. Code, *supra,* sec. 600, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding. *The clerk may hear and pass upon motions to set aside judgments rendered by him, whether for irregularity or under this section, and an appeal from his order on such motion shall lie to the judge at the next term,* who shall hear and pass upon such motion *de novo: Provided, however,* nothing in this section shall be construed to affect the rights of innocent purchasers for value in foreclosure proceedings where personal service is obtained." (Italics ours.)

In the *Smith case, supra,* it is said: "Ordinarily an appeal to this Court will be dismissed when taken from a discretionary order in the court below."

For the reasons given, the judgment of the court below is
Affirmed.