AUBREY J. VEASEY AND WIFE, LOUISE S. VEASEY (ORIGINAL PARTIES PLAINTIFF) AND CHARLES E. HARTMAN AND WIFE, GERTRUDE JOYCE HARTMAN (ADDITIONAL PARTIES PLAINTIFF), v. W. L. KING.

(Filed 23 May, 1956.)

**1. Parties § 10b: Trespass to Try Title § 3—**

Pending an action by the owners of land to recover permanent damages for the wrongful entry and construction of a road on the land by defendant, the land was sold. *Held:* While the purchasers of the land cannot participate in any award of permanent damages, they are entitled to participate in the defense of the title and their right to possession of the land, and upon being made additional parties by order of the clerk, the trial judge has the discretionary power to extend the time for them to file complaint.

**2. Pleadings § 1—**

The trial judge, in his discretion, is authorized to enlarge the time for filing complaint and the exercise of his discretion is not subject to review.

APPEAL by the defendant from *Hall, J.,* 18 November, 1955 Term, DURHAM Superior Court.

Civil action instituted on 17 December, 1952, by Aubrey J. Veasey and wife against the defendant for recovery of $6,500 alleged to be due as permanent damages caused by the wrongful entry and construction of a road by the defendant upon a tract of land, near a lake thereon, the property of the plaintiffs.

The defendant, by answer, denied wrongful entry upon any land owned by the plaintiffs and alleged that the title to the land where the road was built was in himself. Subsequent to the institution of the suit the plaintiffs sold and conveyed the *locus in quo* to the additional plaintiffs. Charles E. Hartman and wife, Gertrude Joyce Hartman, who, upon motion, were made additional parties plaintiff by an order of the clerk dated 18 December, 1953. They were given 30 days in which to file pleadings. On 20 February, 1954, they filed a complaint in which they alleged they purchased the property on 15 May, 1953, from the original plaintiffs and they adopted the material allegations of the complaint. On 14 April, 1955, the presiding judge, in his discretion, allowed the additional plaintiffs to file the complaint as of 14 April, 1955. The defendant duly excepted. The defendant demurred to the complaint of the additional plaintiffs upon the ground of misjoinder of parties and causes. On 18 November, 1955, Judge Hall entered judgment overruling the demurrer. The defendant excepted and appealed.

*Haywood & Denny,*
*By Emery B. Denny, Jr., Egbert L. Haywood, for plaintiffs, appellees.*

*Harvey Harward and Bryant, Lipton, Strayhorn & Bryant,*
*Per: Victor S. Bryant for defendant, appellant.*

PER CURIAM. The additional plaintiffs, Charles E. Hartman and wife, Gertrude Joyce Hartman, having purchased the *locus in quo* subsequent to the institution of the suit for permanent damages are entitled, if they can, to repel the assault on their title made by the defendant's claim of ownership and right to possession in himself. They are, therefore, at least proper parties to the action. It is true the right to recover permanent damages does not pass upon sale of the damaged property. Although the additional parties cannot participate in any award of permanent damages, yet they are entitled to participate in the defense of the title and right to possession of the property which they have purchased.

The judge, in his discretion, is authorized to enlarge the time for filing complaint and the exercise of his discretion is not subject to review. *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919. The judgment of the Superior Court overruling the demurrer is

Affirmed.