WALTER W. HENDRIX, JR. v. JAMES RICHARD ALSOP, CHARLES PFIZER CO., INC., AND J. B. ROERIG AND COMPANY, A DIVISION OF CHARLES PFIZER CO., INC.

No. 85

(Filed 12 May 1971)

1. Appeal and Error § 1— appeal of right to Supreme Court — dissent in Court of Appeals — purpose of statute

By enactment of the statute providing for an appeal of right to the Supreme Court from any decision of the Court of Appeals in which there is a dissent, the General Assembly intended to insure a review by the Supreme Court of questions on which there was a division in the intermediate appellate court, but no such review was intended for claims joined or consolidated in the lower appellate court and on which that court rendered unanimous decision. G.S. 7A-30(2).

2. Appeal and Error § 1— appeal of right to Supreme Court — dissent as to one defendant — unanimous decision as to two defendants

Where the Court of Appeals unanimously affirmed dismissal of plaintiff's action against two corporate defendants and, by a divided vote, reversed dismissal against an individual defendant, plaintiff is not entitled to appeal to the Supreme Court as a matter of right under G.S. 7A-30(2) the unanimous decision as to the corporate defendants by reason of there having been a dissent as to the individual defendant.

3. Pleadings § 1— time for filing complaint — certification of appellate court decision

Where the clerk extended the time for filing plaintiff's complaint until 20 days after filing of a report of adverse examination of defendant, and the Court of Appeals held that plaintiff had failed to show necessity for adverse examination, the period of 20 days in which plaintiff was permitted to file his complaint began to run on the date the opinion of the Court of Appeals was certified to the superior court.

4. Pleadings § 1— extension of time for filing complaint — discretion of court

Discretionary power of a superior court judge to extend time for filing complaint is no different than his power to extend time for filing answer.

**5. Pleadings § 1— extension of time for filing complaint — motion for dismissal after complaint filed**

Where plaintiff failed to file his complaint within the time permitted, fact that defendant waited until after the complaint was filed to move for dismissal is only a matter for the trial judge to consider in ruling on plaintiff's motion for enlargement of the time to file the complaint.

**6. Pleadings § 1— denial of motion for extension of time to file complaint**

The trial court did not abuse its discretion in the denial of plaintiff's motion for enlargement of the time for filing complaint where plaintiff had filed complaint over one year after the time permitted but before defendant interposed a motion to dismiss.

APPEAL by defendant Alsop pursuant to G.S. 7A-30(2) and appeal by plaintiff pursuant to G.S. 7A-30(1), from decision of the Court of Appeals (10 N.C. App. 338, 178 S.E. 2d 637).

On 5 May 1967 plaintiff caused summons to issue in an action entitled "Walter W. Hendrix, Jr. v. James Richard Alsop" to recover damages for alleged conspiracy, assault, libel, trespass, false arrest, malicious prosecution, and abuse of process.

On the same day, the clerk entered an order for an adverse examination of defendant Alsop and also entered an order extending the time for filing complaint to and including twenty days after filing of the report of adverse examination. Alsop appealed to superior court from the clerk's order for adverse examination, and from an adverse decision he appealed to the North Carolina Court of Appeals. The Court of Appeals (1 N.C. App. 422, 161 S.E. 2d 772) held that plaintiff had failed to show necessity for adverse examination and remanded the cause for entry of an order consistent with its opinion. The opinion was certified to Guilford County Superior Court on 1 July 1968, and on 20 August 1968 Judge Collier entered an order consistent with the opinion of the Court of Appeals.

On 1 August 1969 plaintiff for the first time filed a complaint, entitled "Walter W. Hendrix, Jr. v. James Richard Alsop; Charles Pfizer Co., Inc. (Pfizer); and J. B. Roerig and Company (Roerig), a Division of Charles Pfizer Co., Inc." On the same day the clerk signed an order for service of complaint on Alsop and issued summons for Alsop. Alias summons, copy of order directing service of complaint and a copy of the complaint were served on Alsop on 18 September 1969.

Summonses were also issued for Charles Pfizer Co., Inc., and J. B. Roerig and Company. Summons and copies of the complaint were served on these two defendants on 4 August 1969.

On 27 August 1969 defendants Pfizer and Roerig filed a motion with the clerk to vacate and quash the summons served on them, to strike the complaint, and dismiss the action as to them because no order had been entered making them parties to the action instituted by issuance of summons on 5 May 1967.

On 27 August 1969 Alsop moved before the clerk to strike and set aside the complaint, vacate the order directing service of complaint on him, and moved that the action be dismissed as to him for the reason that plaintiff had failed to file his complaint within twenty days after the entry of the order on the mandate of the Court of Appeals, as required by G.S. 1-121.

The clerk allowed the motions of Alsop, Pfizer and Roerig. Plaintiff appealed to the judge of superior court and at the same time filed motions for extension of time to file his complaint to and including 1 August 1969, and that Judge Collier's order of 20 August 1968 be vacated.

On 6 January 1970 Judge Gambill entered three separate orders, to wit: (1) an order affirming the clerk's order striking the complaint and dismissing the action as to Pfizer and Roerig; (2) an order denying plaintiff's motion to vacate Judge Collier's order dated 20 August 1968; and (3) an order affirming the clerk's order striking the complaint and vacating the service on defendant Alsop, denying, in the court's discretion, enlargement of time within which to file complaint, and dismissing the action as to James R. Alsop. Plaintiff appealed from each of the three orders.

The Court of Appeals reversed the order dismissing the action as to Alsop and remanded the cause to the Superior Court of Guilford County with leave for Alsop to plead, holding that the portion of the order denying plaintiff's motion for enlargement of time to file complaint was of no effect because complaint was already filed. Judge Graham dissented as to this portion of the majority opinion.

The order affirming the clerk's order dismissing the action as to Pfizer and Roerig was affirmed. The order denying plaintiff's motion to vacate Judge Collier's order of 20 August 1968 was affirmed.

Defendant Alsop appealed as a matter of right pursuant to G.S. 7A-30(2).

On 26 February 1971 plaintiff appealed from the decision of the Court of Appeals dismissing the action against Pfizer and Roerig. On 16 March 1971 defendant filed a motion in this Court to dismiss plaintiff's appeal.

On 2 March 1971, plaintiff petitioned this Court for *certiorari* to review the decision of the Court of Appeals. This petition was denied by the Court in Conference on 6 April 1971.

*Max D. Ballinger, attorney for plaintiff appellant.*

*Harry Rockwell and J. B. Winecoff for Defendant Alsop, appellant.*

BRANCH, Justice.

We first consider the motion of defendant Pfizer and Roerig to dismiss plaintiff's appeal.

The Court of Appeals unanimously, and we think correctly, affirmed Judge Gambill's order of 6 March 1970, which dismissed the action as to Pfizer and Roerig.

On 6 April 1971 this Court refused to exercise its discretionary power of review pursuant to G.S. 7A-31 and denied plaintiff's petition for *certiorari.*

G.S. 7A-30 provides:

§ 7A-30. Appeals of right from certain decisions of the Court of Appeals.—Except as provided in § 7A-28, [pertaining to post conviction hearings] from any decision of the Court of Appeals rendered in a case

(1) Which directly involves a substantial question arising under the Constitution of the United States or of this State, or

(2) In which there is a dissent, or

(3) Which involves review of a decision of the North Carolina Utilities Commission in a general rate-making case, an appeal lies of right to the Supreme Court.

Obviously, the record does not present questions under G.S. 7A-30(1) or G.S. 7A-30(3); however, plaintiff, without cita-

tion of authority, contends that since there was a dissent as to defendant Alsop, he can appeal decision as to Pfizer and Roerig as a matter of right pursuant to G.S. 7A-30(2).

There are no decisions on this point in North Carolina. Our research indicates that the State of New Jersey has appellate procedures very similar to those provided for in G.S. 7A-30(2).

The New Jersey Constitution, Art. VI, Sec. 5, paragraph 1, in part provides:

"1. Appeals may be taken to the Supreme Court: . . .

(b) in causes where there is a dissent in the Appellate Division of the Superior Court."

Complementing this provision of the Constitution is rule 1:2-1 of the New Jersey Supreme Court which, in part, states: "Appeals may be taken to this Court from final judgments: . . . (b) in causes where there is a dissent in the Appellate Division of the Superior Court."

In *Midler v. Heinowitz*, 10 N.J. 123, 89 A 2d 458, the New Jersey Supreme Court, speaking through Justice William Brennan, stated:

"Our new judicial structure is modeled after the federal court system. Our system too contemplates one appeal as of right to a court of general appellate jurisdiction. This is afforded usually in the Appellate Division of the Superior Court. A further appeal to this court is allowed only in the exercise of our discretional power of certification *unless the case comes within one of the limited number of situations for which an appeal to this court as of right is expressly allowed* by Article VI, Section V, paragraph 1 of the Constitution of 1947. See also Rule 1:2-1." (Emphasis supplied.)

In *Pangborn v. Central Railroad Co. of New Jersey*, 18 N.J. 84, 112 A 2d 705, two plaintiffs, Pangborn and Forner, obtained verdicts in the trial court. The Appellate Division reversed the Pangborn judgment by a divided vote but unanimously affirmed as to Forner. The defendant appealed as to Pangborn and attempted to cross appeal as to Forner under Supreme Court rule 1:2-6, which provided: "Any respondent may appeal

from a judgment, order, or determination by serving and filing a notice of cross appeal which shall be governed by the rules relating to notice of appeal."

Justice Brennan, again speaking for the Court, stated:

"The Pangborn appeal is here as of right under R. R. 1:2-1(b) by reason of the dissent in the Appellate Division. The railroad attempts to bring the Forner case here by cross-appeal. But the two actions are separate and distinct, and *the fact that they were brought under one complaint and tried together does not mean that a dissent in the one case gives the defendant an appeal as of right in the other.* R. R. 1:2-6 governing cross-appeals allows such an appeal only from a judgment properly here at the instance of an appellant therefrom. . . . The Forner case could not be brought here except by certification allowed under R. R. 1:10." (Emphasis supplied.)

[1, 2] *Pangborn v. Central Railroad Co., supra,* differs factually from the case before us for decision. There the defendants sought to appeal by cross-action where there were two separate and distinct actions consolidated for trial. Here, questions presented by plaintiff's attempt to appeal as a matter of right pursuant to G.S. 7A-30(2) are entirely different from questions which defendant Alsop raises in his appeal as a matter of right by virtue of Judge Graham's dissent. It is apparent that both the General Assembly of New Jersey and the General Assembly of North Carolina intended to insure a review by the Supreme Court of questions on which there was a division in the intermediate appellate court; no such review was intended for claims, joined or consolidated in the lower appellate court and on which that court rendered unanimous decision.

The plaintiff's appeal is dimissed.

The remaining question for decision is whether the trial judge erred when he entered his order of 6 January 1970, dismissing the action as to James R. Alsop.

At the threshold of this question we must decide when plaintiff should have filed his complaint.

In *Strickland v. Jackson,* 260 N.C. 190, 132 S.E. 2d 338, defendant demurred to the complaint and Judge Mintz sustained

the demurrer, granting plaintiff thirty days in which to file his amended complaint. Plaintiff refused to amend, and appealed to the Supreme Court, where the demurrer was affirmed. On 20 March 1963, the Supreme Court filed its decision affirming the demurrer, and on 3 April 1963 the cause was certified and recorded in the Superior Court of Pitt County. On 19 April 1963, Judge Hubbard, who was then holding courts in Pitt County, entered an order affirming the order of the Supreme Court. Plaintiff attempted to file amendment to the complaint on 13 May 1963, and defendant, on 27 May 1963, moved to strike the complaint upon the ground that it was not filed in time. The judge allowed defendant's motion and plaintiff appealed. Affirming the action of the trial judge, this Court stated:

> "The appeal from the Mintz judgment had the effect of suspending further proceedings pending the appeal. The suspension, however, was lifted when this Court's affirming Certificate was received in the Superior Court of Pitt County on April 3, 1963. As of that date the rights of the parties were fixed by G.S. 1-131, with which the challenged order conformed. The plaintiffs had authority to amend within 30 days. *Dudley v. Dudley*, 250 N.C. 95, 107 S.E. 2d 918; *Teague v. Oil Co.*, 232 N.C. 469, 61 S.E. 2d 345. Judge Hubbard's order of April 19, 1963, neither added to nor took from the rights of the party.

> "The plaintiffs' amendment of May 13, 1963, was not filed within 30 days. Consequently, the order of Judge Latham striking the amendment is Affirmed."

[3, 6]  In instant case the period of twenty days in which the plaintiff was permitted to file his complaint began to run on 1 July 1968, and complaint was filed on 1 August 1969. Thus, the principal issue narrows to whether, when plaintiff had filed his complaint over one year after the time permitted but before the defendant interposed a motion to dismiss, the trial judge erred in allowing defendant's motion to dismiss and, in his discretion, refusing to enlarge the time to file complaint.

Both the summons and the complaint were served before the effective date of the new Rules of Civil Procedure, and decision will be governed by the Rules as they existed immediately prior to 1 January 1970. G.S. 1-121, in part, provided:

"The first pleading on the part of the plaintiff is the complaint. It must be filed in the clerk's office at or before the time of the issuance of summons and a copy thereof delivered to the defendant, or defendants, at the time of the service of summons; provided, that the clerk may at the time of the issuance of summons on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days, and a copy of such order shall be delivered to the defendant, or defendants, at the time of the service of summons in lieu of a copy of the complaint; Provided, further, said application and order shall state the nature and purpose of the suit. The clerk shall not extend the time for filing complaint beyond the time specified in such order; except that when application is made to the court, under article forty-six of this chapter, for leave to examine the defendant prior to filing complaint, and it shall be made to appear to the court that such examination of defendant is necessary to enable the plaintiff to file his complaint, and such examination is allowed, the clerk shall extend the time for filing complaint until twenty (20) days after the report of the examination is filed as required by § 1-571. . . ."

The Court of Appeals relies on the case of *Roberts v. Allman,* 106 N.C. 391, 11 S.E. 424, for the proposition that further order of court extending time to file the complaint "was not prerequisite to filing the complaint on that date where no effort has been previously made to dismiss the action.

*Roberts v. Allman, supra,* was decided under the Code section which provided: "The plaintiff shall file his complaint in the clerk's office on or before the third day of the term to which the action is brought, otherwise the suit may, on motion, be dismissed at the cost of the plaintiff." N. C. Code of 1883 § 206.

*Roberts* is distinguishable from instant case in that there a *judgment* by default was taken in 1884 and defendants moved on 18 May 1887 to dismiss for the reason that complaint had not been filed in proper time. In *Roberts* defendants made a general appearance which cured any irregularity in process. It is clear that the decision was based, in a large degree, on defendants' lack of diligence.

Other cases decided under the same Code section hold that failure timely to file complaint is ground to dismiss the action

if objection is taken in apt time, but its absence is cured by acquiescence in the judgment. *McLeod v. Graham*, 132 N.C. 473, 43 S.E. 935; *McLean v. Breece,* 113 N.C. 390, 18 S.E. 694; *McNeil v. Hodges,* 105 N.C. 52, 11 S.E. 265; *Robeson v. Hodges,* 105 N.C. 49, 11 S.E. 263; *Peoples v. Norwood,* 94 N.C. 167; *Stancill v. Gay,* 92 N.C. 455.

In instant case complaint was filed on 1 August 1969, and defendant Alsop, on 27 August 1969, before the complaint or order directing service had been served on him, moved to strike the complaint and to dismiss the action as to him. It would seem that the crucial factor is that in instant case defendant moved to dismiss in apt time.

In the case of *Horney v. Mills,* 189 N.C. 724, 128 S.E. 324, we find the following:

> "We cannot, however, sustain defendant's second contention that plaintiff, by delaying to move for judgment by default for want of a verified answer from the date of the filing of the answer to the date of the hearing of the motion, waived his rights. . . . Delay in moving for judgment upon the complaint for want of an answer does not, as a matter of law, waive plaintiff's rights. Such delay may properly be considered by the court in passing upon defendant's motion for leave to file an answer or to verify an answer previously filed, such motion being addressed to the discretion of the court, the exercise of which is not reviewable by this Court; . . ."

[4]   The superior court judge's discretionary power to extend time for filing complaint is no different than his power to extend time for filing answer. *Hines v. Lucas,* 195 N.C. 376, 142 S.E. 319; McIntosh, N. C. Practice and Procedure 2d Ed. § 1115.

[5]   Here, the fact that defendant waited until after complaint was filed to move for dismissal is only a matter to be considered by the trial judge in exercising his discretion.

In the case of *Deanes v. Clark,* 261 N.C. 467, 135 S.E. 2d 6, the plaintiff obtained an extension of time to file his complaint. The time elapsed, and before complaint was filed defendant moved that the action be dismissed. The plaintiff filed his complaint on the next day, and the clerk held that the action should be dismissed. Plaintiff appealed to superior court, and the

judge of superior court, in affirming the judgment of the clerk, held that the question presented by the appeal from the order of the clerk did not invoke the discretionary authority of the judge of superior court. This Court, finding error and remanding, held that the clerk had no authority to extend the time for filing the complaint, but that the superior court judge was in error in holding the question of his discretion was not invoked when he entered his order. In so holding, this Court stated:

"This statute now expressly provides that 'the clerk shall not extend the time for filing complaint beyond the time specified in such order,' unless the plaintiff has secured an order to examine the defendant prior to filing complaint. Hence, the power of the clerk to extend the time for filing complaint is clearly limited. McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. I, Sec. 1115. See *O'Briant v. Bennett*, 213 N.C. 400, 196 S.E. 336. The part of G.S. 1-121 quoted above was enacted at the 1927 Session of the General Assembly, Public Laws, Section 1927, Ch. 66.

. . . .

"However, since G.S. 1-121 mentions only the clerk, and the well-established general rule is that the judge has inherent discretionary power to permit plaintiff to file a complaint after expiration of statutory time or to permit untimely pleadings to be filed, G.S. 1-121 does not affect the discretionary power of the judge. *Veasey v. King*, 244 N.C. 216, 92 S.E. 2d 761; *Early v. Eley*, 243 N.C. 695, 91 S.E. 2d 919; *O'Briant v. Bennett, supra; Hines v. Lucas*, 195 N.C. 376, 142 S.E. 319; *Church v. Church*, 158 N.C. 564, 74 S.E. 14; *Griffin v. Light Co.*, 111 N.C. 434, 16 S.E. 423; *Gilchrist v. Kitchen*, 86 N.C. 20; *Anderson v. Anderson*, 1 N.C. 20. Further, another statute, G.S. 1-152, stemming from our original code provides, 'The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time.' G.S. 1-152, formerly C.S., 536, has been held applicable to complaints. *Hines v. Lucas, supra.*

"When plaintiff in the instant case appealed from the clerk's order to the judge, the judge was not limited to a review of the action of the clerk, but was vested with jurisdiction 'to hear and determine all matters in contro-

versy in such action,' and render such judgment or order within the limits provided by law as he deemed proper under all the circumstances made to appear to him. G.S. 1-276; *Hudson v. Fox,* 257 N.C. 789, 127 S.E. 2d 556; *Blades v. Spitzer,* 252 N.C. 207, 113 S.E. 2d 315; *Langley v. Langley,* 236 N.C. 184, 72 S.E. 2d 235; *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; Strong's N. C. Index, Vol. I, Courts, sec. 6."

. . . .

". . . The whole matter was before the judge below on appeal, and he was vested with the power as to whether or not he should exercise his discretion in furtherance of justice to permit or to refuse plaintiff's motion for an extension of time to file his complaint. The trial judge is presumed to know best what order and what indulgence will promote the ends of justice in each particular case. How the discretion of the trial judge should be exercised in this case we are not authorized to express an opinion."

The case of *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919, was an appeal from denial by the clerk of a motion to set aside a default judgment on the ground that at the time of its rendition a duly filed answer appeared of record. The answer was filed after the statutory time for filing had elapsed. In holding that the superior court acquired jurisdiction of the entire cause, and had power to permit the answer to remain on record even though it was filed after time for answering expired, the Court stated:

"Thus on the face of the record on 21 January 1949, when the clerk acted upon the motion of plaintiffs for judgment by default final, it appeared that defendant had filed an answer on 19 January 1949. *If it were not filed within the meaning of the law plaintiffs, upon motion so to do, might have had the answer stricken from the record, and, if such motion were allowed, to move then for judgment by default final.* This was not done." (Emphasis added.)

The case of *Campbell v. Asheville,* 184 N.C. 492, 114 S.E. 825, nullifies any contention that the trial judge is precluded from exercising his discretion to allow or deny enlargement of time to file a complaint after the clerk has manually filed a

complaint before defendant moved to dismiss the action. Under the statutory practice then existing (also applicable to *Allman v. Roberts, supra*) the plaintiff was required to file his complaint in the clerk's office "on or before the third day of the term to which the action is brought, otherwise the suit may, on motion, be dismissed at the cost of the plaintiff." N. S. Revisal Statutes § 466. At that time civil actions were commenced by summons which was returnable to the regular term of superior court of the county from which the summons issued, and which commanded the proper officer to summons the defendant to appear at the next ensuing term of superior court. N. C. Revisal Statutes, §§ 429, 430. In *Campbell* the summons was returnable at the July 1919 term of Buncombe Superior Court. The complaint was not filed on time, but was filed on 3 November 1921. On 19 November 1921 defendant moved before the clerk to dismiss the action, and the clerk allowed the motion as a matter of law. On appeal, the judge of superior court reversed, holding that the clerk had discretionary power to extend time to file complaint. Defendant appealed, and this Court reversed the trial judge and held that the clerk had no authority to extend the time for filing under the Code, and stated:

" . . . [D]efendant was summoned to appear before the judge at the July term of the Superior Court; and whether the time for filing pleadings should be enlarged was a question to be determined by the judge as under the former practice and not by the clerk. We think the clerk had no jurisdiction to dispose of the motion, and that his Honor should have treated the appeal as a motion made originally before him, and should have exercised his discretion in saying whether in the administration of justice the plaintiff should be permitted to file her complaint."

[6] Here, the trial judge had the entire cause before him because of plaintiff's appeal. In the exercise of his discretion he did not permit enlargement of time for filing the complaint, and dismissed the action as to defendant Alsop. The discretionary ruling as to enlargement of time to file complaint, in effect, ended the action. The trial judge had full power to deny the motion to enlarge the time to file complaint and to dismiss the action as to defendant Alsop. No abuse of discretion appears.

The decision of the Court of Appeals as to defendant Alsop is reversed.

Plaintiff's appeal: dismissed.

Defendant Alsop's appeal: reversed.